IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH LANDON,**<br><br>              Plaintiff,<br><br>      V.<br><br>**ERNST  YOUNG LLP, ET AL.,**<br><br>              Defendants. | NO. **2:08–CV–00889–GEB–DAD**<br><br><br>ORDER SETTING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE |

   This action has been assigned to Judge Garland E. Burrell, Jr. Pursuant to the provisions of Federal Rule of Civil Procedure 16, IT IS ORDERED that:

   1. A status (pretrial scheduling) conference is set for July 21, 2008 at 09:00 AM, before Judge Burrell in Courtroom 10 of the above-entitled court;

   2. All parties to the action shall appear by counsel (or in person if acting without counsel; however, pursuant to Local Rule 83-183, a corporate party or other entity may not appear in propria persona and must appear through counsel);

   3. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named herein, and upon all parties subsequently joined by plaintiff, a copy of this order, and shall file with the Clerk of Court a certificate reflecting such service. Any party who impleads a third party defendant shall serve upon that party a copy of this order, and shall file with the Clerk of Court a certificate reflecting such service;

1    4. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing
2  party or parties shall, immediately following such removal, serve upon each of the other parties named herein and <u>upon all parties</u>
3  <u>subsequently joined,</u> a copy of this order and shall file with the Clerk of Court a certificate reflecting such service;

4
     5. At least twenty-one (21) calendar days before the
5  scheduling conference is held, the parties shall confer and develop a proposed discovery plan, as required by Federal Rule of Civil
6  Procedure 26(f);

     6. The parties shall file a Joint Status Report with the
7  court not later than fourteen (14) days prior to the scheduling conference.[1] The report shall briefly set forth the views of each
8  party on the following matters:

9       a) Status of service of process on parties not yet
            served;
10
        b) Possible joinder of additional parties;[2]
11
        c) Anticipated amendment of pleadings;
12
        d) The basis for jurisdiction and venue;
13
        e) Anticipated motions with suggested dates;
14
        f) Anticipated and outstanding discovery;[3]
15
        g) A written report outlining the proposed discovery
16          plan required by Federal Rule of Civil Procedure 26(f). The
            discovery plan shall indicate the parties' views and
17          proposals concerning:

18  _____

19  [1] The failure of one or more of the parties to participate in
    the preparation of the Joint Status Report does not excuse the other
20  parties from their obligation to timely file a status report in
    accordance with this Order. In the event a party fails to participate
21  as ordered, the party timely submitting the status report shall
    include a declaration explaining why it was unable to obtain the
22  cooperation of the other party or parties.

23  [2] Plaintiff(s) shall indicate in the Joint Status Report a
    date by when the identities of any "Doe" defendants are expected to be
24  discovered. Failure to set forth specific information regarding the
    time Plaintiff(s) needs to identify any "Doe" defendants will be
25  deemed an abandonment of any claims against such defendants, and a
    dismissal order will follow.
26
    [3] Federal Rule of Civil Procedure 26 requires, absent a contrary
27  stipulation, initial disclosures to be made as provided in that Rule.
    Any objection to the initial disclosures and the basis therefor
28  must be included in the Joint Status Report.

      (1) what changes should be made in the timing,
      form, or requirement for disclosures under Rule
      26(a), including a statement as to when
      disclosures under subdivision (a)(1) were made
      or will be made;

      (2) the subjects on which discovery may be
      needed, when discovery should be completed, and
      whether discovery should be conducted in phases
      or be limited to or focused upon particular
      issues; and

      (3) what changes should be made in the
      limitations on discovery imposed under the
      Federal Rules of Civil Procedure or the Local
      Rules, and what other limitations should be
      imposed;

  h) Scheduling of future proceedings, including
   suggested timing of the disclosures of expert
   witnesses and information required by Rule 26(a)(2),
   completion dates for discovery and law and motion,
   and dates for final pretrial conference and trial;[4]

  i) Estimate of trial time;

  j) Appropriateness of special procedures such as
   reference to a special master or agreement to try
   the matter before a magistrate judge pursuant to 28 U.S.C.
   § 636(c);

  k) Modification of standard pretrial procedures because
   of the simplicity or complexity of the case;

  l) Whether the case is related to any other case
   on file in this district, including the bankruptcy
   courts of this district;

  m) Prospects for settlement, including whether a
   settlement conference should be scheduled and
   whether the parties will stipulate to the trial
   judge acting as settlement judge;

---

[4] In completing this portion of the status report, the parties are advised that Judge Burrell's typical pretrial scheduling procedures require: 1) that initial expert disclosures be made 150 days prior to the completion of discovery; 2) that rebuttal expert disclosures be made 120 days prior to the completion of discovery; 3) that discovery be completed 90 days prior to the final pretrial conference; 4) that law and motion is cut off 60 days before the final pretrial conference; and 5) that the final pretrial conference will be held 90 days before the trial.

3

n) Any other matter that may be conducive to the just and expeditious disposition of the case.

7. Following the status conference, a formal order will be issued regarding future proceedings in the case. Requests to modify or vacate any date set forth in the order are not favored and will not be granted absent good cause.

8. The parties are advised that <u>failure to file a Joint Status Report in accordance with this order may result in the imposition of sanctions.</u>

9. The parties are required to immediately notify the courtroom deputy and chambers of any settlement or other disposition of the case. L.R. 16-160. In addition to notifying chambers orally, the parties shall file a notice of settlement in the Clerk's Office within three (3) days which sets forth a date by which dispositional documents will be filed.

10. Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). Any party that does not oppose the granting of the motion shall file a statement of non-opposition as required by Local Rule 78-230(c). <u>The failure to file an opposition or statement of non-opposition in accordance with Local Rule 78-230(c) may be deemed consent to the granting of the motion and the Court may dispose of the motion summarily. Brydges v. Lewis,</u> 18 F.3d 651, 652-53 (9th Cir. 1994).

IT IS SO ORDERED.

DATE:   April 28, 2008
                        GARLAND E. BURRELL, JR.
                        UNITED STATES DISTRICT JUDGE

                        by:   /s/  L. Reader
                        Deputy Clerk

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE

## TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73–305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment.  Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent.  You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information.  This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

| | |
|---|---|
| Office of the Clerk | Office of the Clerk |
| 501 I Street, Room 4–200 | 2500 Tulare Street , Suite 1501 |
| Sacramento, CA 95814 | Fresno, CA 93721 |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**JOSEPH LANDON,**
 Plaintiff(s)/Petitioner(s),

vs.

CASE NO. **2:08–CV–00889–GEB–DAD**

**ERNST YOUNG LLP, ET AL.,**
 Defendant(s)/Respondents(s).

**IMPORTANT**
 **IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

☐ **CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

 In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

 Date: _____    Signature: _____

     Print Name: _____
      ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
      ( ) Counsel for *_____

☐ **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

 Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

 Date: _____    Signature: _____

     Print Name: _____
      ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
      ( ) Counsel for *_____

*If representing more than one party, counsel must indicate name of each party responding.*

## NOTICE OF AVAILABILITY

## VOLUNTARY DISPUTE RESOLUTION

    Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.,* and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 16–271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties.  Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court.  After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

    It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods.  These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation.  The specific method or methods employed will be determined by the Neutral and the parties.

    **PLEASE TAKE NOTICE** that pursuant to Local Rule 16–271, ***this Local Rule applies to*** all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances.  The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

    Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 16–271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

| Sacramento Cases | Fresno Cases |
|---|---|
| Voluntary Dispute Resolution | Voluntary Dispute Resolution |
| Program Administrator | Program Administrator |
| United States District Court | United States District Court |
| 501 "I" Street , Suite 4–200 | 2500 Tulare Street , Suite 1501 |
| Sacramento, CA 95814 | Fresno, CA 93721 |
| (916) 930–4280 | (559) 499–5600 |

Attorney Identification
(include State Bar number)


Attorney(s) for:

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**JOSEPH LANDON,**                        NO.  **2:08−CV−00889−GEB−DAD**
          Plaintiff(s)

              v.                           STIPULATION TO ELECT
                                           REFERRAL OF ACTION TO VOLUNTARY
                                           DISPUTE RESOLUTION PROGRAM (VDRP)
**ERNST YOUNG LLP, ET AL.,**       PURSUANT TO LOCAL RULE 16−271
          Defendant(s)
_____/

    Pursuant to Local Rule 16−271, the parties hereby agree to submit the above−entitled action to

the Voluntary Dispute Resolution Program.



    DATED:_____

                                     _____
                                     Name:
                                     Attorney(s) for Plaintiff(s)


                                     _____
                                     Name:
                                     Attorney(s) for Defendant(s)