1  CATHERINE A. CONWAY (SBN 98366)
   GREGORY W. KNOPP (SBN 237615)
2  ANASTASIA M. BOLES (SBN 224980)
   STEPHANIE S. DER (SBN 240576)
3  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   2029 Century Park East, Suite 2400
4  Los Angeles, California 90067-3012
   Telephone:    310-229-1000
5  Facsimile:    310-229-1001
   cconway@akingump.com
6  gknopp@akingump.com
   aboles@akingump.com
7  sder@akingump.com

8  Attorneys for DEFENDANT ERNST & YOUNG
   LLP
9

10

11                   UNITED STATES DISTRICT COURT

12                 EASTERN DISTRICT OF CALIFORNIA

13                      SACRAMENTO DIVISION

14

15
   JOSEPH LANDON, individually and      | Case No.  2:08-CV-00889 GEB-DAD
16 on behalf of all others similarly
   situated,                            | **CERTIFICATE OF SERVICE RE**
17                                       | **NOTICE TO ADVERSE PARTIES**
                     Plaintiffs,         | **AND THE SUPERIOR COURT**
18                                       | **CLERK OF REMOVAL OF**
          v.                             | **ACTION**
19
   ERNST & YOUNG LLP, a limited
20 liability partnership; ERNST &
   YOUNG U.S. LLP, a limited liability  | (Placer County Superior Court Case
21 partnership; and DOES 1-100,         | No.S-CV-22497)
   inclusive,
22
                     Defendants.
23

24

25

26

27

28

1    I, Tracy Howe, certify and declare as follows:

2    I am over the age of 18 and not a party to the within action.

3    My business address is Akin Gump Strauss Hauer & Feld, LLP, 2029 Century

4    Park East, Suite 2400, which is located in the city, county and state where the mailing

5    described below took place.

6    On April 28, 2008, I served copies of the Notice to Adverse Parties and the

7    Superior Court of Filing of Removal of Civil Action dated April 25, 2008, a copy of

8    which is attached hereto as Exhibit A, in a sealed envelope addressed to plaintiff's

9    counsel and caused it to be delivered via U.S. Mail, following our ordinary business

10    practices.

11    I declare under penalty of perjury under the law of the United States that the

12    foregoing is true and correct.

13    Executed on April 30, 2008, at Los Angeles, California.

14

15

16

17    Tracy Howe

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE RE NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT CLERK OF
REMOVAL OF ACTION                                                    2:08-CV-00889 GEB-DAD

**Exhibit A**

1   **AKIN GUMP STRAUSS HAUER & FELD LLP**
    CATHERINE A. CONWAY (SBN 98366)

2   GREGORY W. KNOPP (SBN 237615)
    ANASTASIA M. BOLES (SBN 224980)

3   STEPHANIE S. DER (SBN 240576)
    2029 Century Park East, Suite 2400

4   Los Angeles, California 90067-3012
    Telephone: 310-229-1000

5   Facsimile: 310-229-1001

6   Attorneys for DEFENDANT ERNST & YOUNG LLP

**F I L E D**
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

**APR 29 2008**

JOHN MENDES
EXECUTIVE OFFICER & CLERK

By K. Alford, Deputy

7

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF PLACER

11

12   JOSEPH LANDON, individually and on
    behalf of all others similarly situated,

13              Plaintiffs,

14

15         v.

16   ERNST & YOUNG LLP, a limited liability
    partnership; ERNST & YOUNG U.S. LLP, a

17   limited liability partnership; and DOES 1 -
    100, inclusive,

18              Defendants.

Case No. S-CV22497

Assigned to Commissioner Margaret Wells

Dept.: 7

**DEFENDANT ERNST & YOUNG LLP'S
AND ERNST & YOUNG U.S. LLP'S
NOTICE TO ADVERSE PARTIES AND
THE SUPERIOR COURT OF REMOVAL
OF ACTION TO THE UNITED STATES
DISTRICT COURT**

Date Action Filed: February 21, 2008

19

20

21

22

23

24

25

26

27

28

**DEFENDANT ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S  NOTICE TO ADVERSE
PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT
COURT**

1    TO THE CLERK OF THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that Defendants Ernst & Young LLP and Ernst & Young U.S. LLP

3    have filed a Notice of Removal under 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453 of the above-

4    titled state court action to the United States District Court for the Eastern District of California on April

5    28, 2008, under Federal Case Number 2:08-CV-0889-GEB-DAD.  Pursuant to 28 U.S.C. § 1446(d),

6    this Court "shall proceed no further unless the case is remanded."

7    Attached hereto as **Exhibit "A"** is a true and correct copy of the Notice of Removal and all

8    exhibits attached thereto.

9

10

11    Dated:  April 28, 2008

12    **AKIN GUMP STRAUSS HAUER & FELD LLP**
      Catherine A. Conway
13    Gregory W. Knopp
      Anastasia M. Boles
      Stephanie S. Der

14

15    By

16    Stephanie S. Der
      Attorneys for Defendant Ernst & Young LLP

17

18

19

20

21

22

23

24

25

26

27

28

1

DEFENDANT ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S  NOTICE TO ADVERSE
PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT
COURT

COS 3

# Exhibit A

1  CATHERINE A. CONWAY (SBN 98366)
   GREGORY W. KNOPP (SBN 237615)
2  ANASTASIA M. BOLES (SBN 224980)
   STEPHANIE S. DER (SBN 240576)
3  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   2029 Century Park East, Suite 2400
4  Los Angeles, California 90067-3012
   Telephone:    310-229-1000
5  Facsimile:    310-229-1001
   cconway@akingump.com
6  gknopp@akingump.com
   aboles@akingump.com
7  sder@akingump.com

8  Attorneys for DEFENDANT ERNST & YOUNG
   LLP

9

10

11

12                     UNITED STATES DISTRICT COURT

13                    EASTERN DISTRICT OF CALIFORNIA

14                          SACRAMENTO DIVISION

15
   JOSEPH LANDON, individually and        Case No. 08-CV-00889-GEB-DAD
16 on behalf of all others similarly
   situated,                              **DEFENDANTS ERNST & YOUNG
17                                         LLP'S AND ERNST & YOUNG U.S.
                     Plaintiffs,           LLP'S NOTICE OF REMOVAL OF
18                                         ACTION PURSUANT TO 28 U.S.C.
          v.                               §§ 1332(D)(2), 1441, 1446, AND 1453**
19
   ERNST & YOUNG LLP, a limited           [DECLARATIONS OF RICHARD
20 liability partnership; ERNST &          KAUL, DANIEL MARTIN, AND
   YOUNG U.S. LLP, a limited liability     STEPHANIE DER IN SUPPORT OF
21 partnership; and DOES 1-100,            DEFENDANT ERNST & YOUNG
   inclusive,                              LLP'S NOTICE OF REMOVAL OF
22                                         ACTION FILED CONCURRENTLY
                     Defendants.           HEREWITH]
23
                                           (Placer County Superior Court Case
24                                         No.S-CV-22497)

25

26

27

28

---

DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  EASTERN DISTRICT OF CALIFORNIA:

3  PLEASE TAKE NOTICE that Defendants Ernst & Young LLP and Ernst &

4  Young U.S. LLP ("collectively, Ernst & Young" or "the Firm") hereby remove to this

5  Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441,

6  1446, and 1453. In support thereof, Defendant states as follows:

7  1.    On February 21, 2008, a putative class action was commenced and is

8  currently pending against Ernst & Young LLP in the Superior Court of California, Placer

9  County, as Case No. S-CV-22497, entitled Joseph Landon, individually and on behalf of

10  all others similarly situated, Plaintiffs, vs. ERNST & YOUNG, LLP, a limited liability

11  partnership, ERNST & YOUNG U.S. LLP, a limited liability partnership; and DOES 1-

12  100, inclusive, Defendants. See Declaration of Stephanie Der in Support of Defendant

13  Ernst & Young LLP's Notice of Removal of Action ("Der Decl."), ¶ 2. Attached as

14  Exhibit A to the Der Declaration is a true copy of the Proof of Service, Summons, Case

15  Management Conference Scheduling Sheet, Civil Case Cover Sheet, and Complaint, as

16  served on Ernst & Young via Federal Express on March 28, 2008. See Der Decl. ¶ 3.

17  Attached as Exhibit B to the Der Declaration is a true conformed copy of Ernst & Young

18  LLP's Answer to Plaintiff's Unverified Complaint, filed in Placer County on April 24,

19  2008. See Der Decl. ¶ 4. There have been no further proceedings in case number S-CV-

20  22497, and no other pleadings have been filed and served upon Plaintiff or Defendants

21  in this action. See Der Decl. ¶ 5.

22  2.    Plaintiff is a former employee of Ernst & Young. He asserts claims for

23  failure to pay overtime wages, failure to properly compensate for meal breaks, failure to

24  furnish proper wage statements, failure to pay all wages due at end of employment, and

25  violation of the unfair competition laws. See Complaint, ¶¶ 35-64. The Complaint

26  describes a putative class consisting of all persons employed by Ernst & Young within

27  the state of California as "salaried exempt employees doing accounting work at any time

28  within four years of the filing of this complaint to the present but who were not licensed

1

DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

COS 6

1  or certified by the State of California in the practice of accounting and were not paid

2  overtime for hours worked in excess of 8 hours in a day or 40 hours in a week." *Id.*, ¶

3  20.

4        3.    The Complaint and Summons were first served on March 28, 2008.  Ernst

5  & Young's Notice of Removal is timely because it is filed within thirty (30) days of that

6  service.  See 28 U.S.C. § 1446(b).

7        4.    **Jurisdiction.**  The above-described action is a civil action of which this

8  Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. §

9  1441(b).  Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court

10  "any civil action brought in a State court of which the district courts of the United States

11  have original jurisdiction...."  Pursuant to the Class Action Fairness Act ("CAFA"),

12  codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715, federal district courts have original

13  jurisdiction over a class action if (1) it involves 100 or more putative class members, (2)

14  any class member is a citizen of a state different from any defendant, and (3) the

15  aggregated amount in controversy exceeds five million dollars (exclusive of costs and

16  interest).  *See* 28 U.S.C. §§ 1332(d)(2) and (d)(6).

17        5.    **Class Size.**  If Plaintiff's class allegations are established, the class will

18  exceed 100 members.  *See* Complaint, ¶¶ 21-22; Declaration of Daniel Martin in

19  Support of Defendant Ernst & Young LLP's Notice of Removal of Action ("Martin

20  Decl.") ¶ 4.

21        6.    **Diversity of Citizenship.**  At all relevant times, there has been diversity of

22  citizenship between the parties to the action.

23        7.    Ernst & Young is informed and believes that Plaintiff Joseph Landon, at the

24  time this action was commenced, was a citizen and resident of the State of California.

25  *See* Complaint, ¶ 5.

26        8.    Ernst & Young is not a citizen of the State of California.  "[A]n

27  unincorporated association shall be deemed to be a citizen of the State where it has its

28  principal place of business and the State under whose laws it is organized."  28 U.S.C. §

2

DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

1  1332(d)(10). Ernst & Young is not organized under the laws of California. Rather, at

2  the time this action was commenced and currently, Ernst & Young was and is a limited

3  liability partnership organized under the laws of the State of Delaware. *See* Declaration

4  of Richard Kaul in support of Defendant Ernst & Young LLP's Notice of Removal of

5  Action ("Kaul Decl.") ¶ 2.[1] Nor is California the state in which Ernst & Young has its

6  principal place of business.

7      9.      In the Ninth Circuit, the "principal place of business" is determined by a

8  two-part inquiry. First, the Court applies the "place of operations" test to determine in

9  what state, if any, a "substantial predominance" of corporate activity takes place.

10 Second, if the corporation's activities are not predominant in a single state, the Court

11 applies the "nerve center" test to identify the state in which the majority of the

12 corporation's executive and administrative functions are performed. *See Industrial*

13 *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990); *United Computer*

14 *Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). Under either test, Ernst

15 & Young's principal place of business is plainly not California.

16     10.     The "place of operations" test is determinative "where a corporation

17 conducts 'substantially all' of its operations in one state and its headquarters are located

18 in another state." *Industrial Tectonics*, 912 F.2d at 1093 ("[C]ourts generally assign

19 greater importance to the corporate headquarters when no state is clearly the center of

20 corporate activity."). However, the "place of operations" test cannot properly identify a

21 corporation's principal place of business where the corporation has operations spread

22 throughout the country. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir.

23 1994) ("Because no one state contains a substantial predominance of the corporation's

24 business activities, the place of operations test is inappropriate"); *Ho v. Ikon Office*

25 *Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001). To determine whether

26

27     [1] A defendant may make the requisite showing by setting forth additional facts in affidavits or
    declarations of knowledgeable company officials. *See United Computer Systems, Inc. v. AT&T Corp.*,
28 298 F.3d 756, 763 (9th Cir. 2002).

DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

1  "substantial predominance" in a particular state exists, courts look to several factors,

2  including the location of employees, tangible property, production activities, sources of

3  income, and the corporation's executive and administrative functions. *See Tosco Corp.*

4  *v. Communities for a Better Environment*, 236 F.3d 495, 500-502 (9th Cir. 2001).

5      11.   Ernst & Young's operations clearly do not substantially predominate in

6  California. The Firm employs approximately 24,700 individuals in 38 states and the

7  District of Columbia. This includes more than 4,400 individuals employed in New

8  York, more than in any other state, and compared to only 3,008 employees in California.

9  See Kaul Decl. ¶ 7. Ernst & Young also has 483 partners in New York as compared to

10  only 307 partners in California. *Id.* The Firm's executive and administrative operations

11  are centrally managed from New York, not California. From its headquarters in New

12  York, Ernst & Young makes and implements firm-wide operating, financial, employee

13  relations, marketing, development, accounting, treasury, and legal policy decisions.

14  Kaul Decl. ¶¶ 3-5. Additionally, meetings of Ernst & Young's Americas Executive

15  Board regularly take place in New York. Kaul Decl. ¶ 6. Moreover, Ernst & Young

16  occupies a greater total square footage of business space in New York than in any other

17  state. In fact, the total square footage of business space in California is roughly half of

18  the total square footage in New York. Kaul Decl. ¶ 8. For all these reasons, if Ernst &

19  Young's operations substantially predominate in any one state, that state is New York.

20      12.   If Ernst & Young's operations are not found to substantially predominate in

21  a single state, then the Court must apply the "nerve center" test to determine the Firm's

22  principal place of business. *See Arellano v. Home Depot, U.S.A., Inc.*, 245 F. Supp. 2d

23  1102, 1106 (S.D. Cal. 2003); *Ho*, 143 F. Supp. 2d at 1165; *Engels v. Exel Global*

24  *Logistics, Inc.*, No. C 04-3944 MHP, 2005 WL 850879, *5 (N.D. Cal., April 11, 2005).

25  Under the "nerve center" test, the principal place of business is the state where the

26  majority of executive and administrative functions are performed. *See Tosco*, 236 F.3d

27  at 500. Relevant factors include where executives reside and maintain offices, where

28  administrative and financial offices are located, where directors meet, where income tax

4

DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

COS 9

1  returns are filed, and where day-to-day control over the business is executed. *See Unger*
2  *v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964), *accord State Farm Fire*
3  *& Casualty Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

4      13.    Under the "nerve center" test, Ernst & Young's principal place of business
5  is clearly not in California. As explained above, the vast majority of the Firm's
6  executive and administrative functions occur in New York. For example, the executive
7  officers of Ernst & Young, including the chairman and chief executive officer, chief
8  financial officer, vice chair of finance and administration, vice chair and general
9  counsel, and vice chair of people (human resources) maintain their offices at Ernst &
10  Young's headquarters in New York. Kaul Decl. ¶ 4. From its headquarters in New
11  York, the Firm manages day-to-day operations firm-wide, including determining and
12  implementing policy regarding human resources, marketing, finance, accounting, and
13  legal issues. See Kaul Decl. ¶¶ 3-6. In short, because Ernst & Young's executive and
14  administrative functions clearly are concentrated in New York, under the "nerve center
15  test" as well, California is not Ernst & Young's principal place of business. *See Tosco*,
16  236 F.3d at 500.

17      14.    **Amount in Controversy.** Defendant avers, for purposes of this Notice
18  only, that if Plaintiff prevailed on the claims asserted in this action, the requested
19  monetary recovery would exceed five million dollars.[2]

20      15.    For his Fourth Cause of Action, Plaintiff alleges that Ernst & Young owes
21  penalties for having failed to pay wages – including the allegedly unpaid overtime pay –
22  to employees upon the end of their employment, as required by Section 203 of the
23  California Labor Code. See Complaint, ¶¶ 54-58. Under Section 203, former
24  employees whom an employer willfully denied wages may recover penalties in the
25  amount of their daily rate for a period of up to thirty days. *See* Cal. Lab. Code § 203.

26

27      [2] A defendant may make the requisite showing by setting forth additional facts in the notice of
28  removal or by affidavit. *See Lamke v. Sunstate Equipment Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D.
    Cal. 2004).

5

DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

COS 10

16.     The class of former employees whom Plaintiff claims are entitled to penalties under Section 203 includes approximately 771 individuals who worked in the Core Assurance group, which provides independent assurance services, of one of Ernst & Young LLP's California offices without a California CPA license at some time during the class period. At the time their employment ended, these former employees were earning an average annual salary of more than $63,507. See Martin Decl. ¶¶ 5, 6. Therefore, their average daily rate of pay is more than $244, and a 30-day penalty would exceed, on average, $7,320 per person.[3] Accordingly, with respect to the 771 putative class members who are former full-time employees, the amount in controversy exceeds $5,643,720 for Plaintiff's Fourth Cause of Action alone.

17.     Accordingly, the jurisdictional requirement is met without even considering Plaintiff's request for damages for overtime pay, meal and rest break penalties, and penalties for failure to furnish proper wage statements. Complaint, ¶¶ 35-53.

18.     **Venue.** The United States District Court for the Eastern District of California is the judicial district embracing the place where Case No.S-CV-22497 was filed by Plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

20.     There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(4).

//

//

//

---

[3] The daily rate for a full-time employee is calculated by dividing the annual salary by fifty-two to ascertain a weekly salary, and then dividing that amount by five, the number of days an employee typically works in a week. See, e.g., Mamika v. Barca, 68 Cal. App. 4th 487, 492-93 (1998); see also Division of Labor Standards Enforcement web page, available at: http://www.dir.ca.gov/dlse/FAQ_WaitingTimePenalty.htm.

6

DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

COS 11

1       WHEREFORE, Ernst & Young LLP requests that the above action now pending

2  against it in the Superior Court of California, Placer County, be removed therefrom to

3  this Court.

4

5  Dated:  April 24, 2008              AKIN GUMP STRAUSS HAUER &

6                                 FELD LLP
                                 Catherine A. Conway

7                                 Gregory W. Knopp
                                 Anastasia M. Boles

8                                 Stephanie S. Der

9                                 By

10                                     Stephanie S. Der
                             Attorneys for Defendant Ernst & YOUNG LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453·

# Declaration of Richard Kaul

# DECLARATION OF RICHARD KAUL

1

2       I, Richard Kaul, certify and declare as follows: I am over eighteen years of age
3   and have personal knowledge of the facts set forth in this declaration and would testify
4   competently to them under oath if called as a witness.

5       1.      I am currently employed as Ernst & Young LLP's ("Ernst & Young" or "the
6   Firm") National Manager for Equal Employment Opportunity and Affirmative Action.
7   In that position, I am familiar with and have personal knowledge of Ernst & Young's
8   organization as a limited liability partnership, policy-making procedures, workforce
9   distribution, and general business affairs.

10      2.      Ernst & Young is a limited liability partnership organized under the laws of
11  the State of Delaware and was so as of February 21, 2008.

12      3.      Ernst & Young maintains its headquarters at 5 Times Square, New York,
13  New York 10036. Ernst & Young's executive and administrative operations are
14  centrally managed from this location.

15      4.      The executive officers of Ernst & Young, including the chairman and chief
16  executive officer, chief financial officer, vice chair of finance and administration, vice
17  chair and general counsel, and vice chair of people (human resources) maintain their
18  offices at Ernst & Young's headquarters in New York.

19      5.      From its headquarters in New York, Ernst & Young makes and implements
20  firm-wide operating, financial, employee relations, marketing, development, accounting,
21  treasury, and legal policy decisions.

22      6.      Meetings of Ernst & Young's Americas Executive Board regularly take
23  place in New York.

24      7.      Currently, Ernst & Young employs more than 24,700 individuals in 38
25  states and the District of Columbia. The Firm employs more than 4,400 individuals in
26  New York and currently has 482 partners in New York. The Firm does not employ as
27  many individuals in any other state. Specifically, the Firm employs 3,008 individuals in
28  California and has 307 partners in California.

1

DECLARATION OF RICHARD KAUL IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S NOTICE OF
REMOVAL OF ACTION

8.    The total square footage of business space occupied by Ernst & Young is greater in New York than any other state in the United States.  The total square footage of business space in California is roughly half of the total square footage in New York.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 24th day of April, 2008, in Lyndhurst, New Jersey.

_____
Richard Kaul

DECLARATION OF RICHARD KAUL IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S NOTICE OF REMOVAL OF ACTION

# Declaration of Daniel Martin

## DECLARATION OF DANIEL MARTIN

1           I, Daniel Martin, certify and declare as follows:  I am over eighteen years of age
and have personal knowledge of the facts set forth in this declaration and would testify
competently to them under oath if called as a witness.

     1.    I am employed by Ernst & Young LLP ("Ernst & Young") in the position of
Technology & Reporting Analyst on the Americas People Team.

     2.    Ernst & Young, using Oracle, maintains a Human Resources / Information
System computer database called "Human Resources Information Management" or
"HRIM."  Ernst & Young uses the database to track and analyze personnel data.  Among
other information, the HRIM database includes the current and historical job titles of
each Ernst & Young employee.  These job titles include "Staff One," "Staff Two,"
"Senior One," "Senior Two" and "Senior Three."  The database also includes current
and historical information regarding work locations, licenses, practice group and salary
and/or wage information for each Ernst & Young employee.  The information in the
database is based on monthly "snapshots" of employee information taken on the last day
of each month.

     3.    As part of my regular job duties, I process computer queries in order to
extract information from the HRIM database.

     4.    During the period from February 29, 2004 to March 31, 2008, Ernst &
Young employed approximately 1,786 different individuals in California at the level of
"Staff One," "Staff Two," "Senior One," "Senior Two" or "Senior Three" who worked
in the Core Assurance group at some point during that time period without a CPA
license from any state.  I obtained this information by running a query in HRIM,
requesting all current or former Core Assurance individuals employed in the positions of
"Staff One," "Staff Two," "Senior One," "Senior Two" and "Senior Three" between
February 29, 2004 to March 31, 2008 whose work location is identified as being in
California and who at some point during this time period did not have a CPA license.

1

5.    Of the 1,786 individuals described above, approximately 771 are currently not employed with Ernst & Young. I obtained this information by running a query in HRIM, requesting all former Core Assurance employees who were employed at the level of "Staff One," "Staff Two," "Senior One," "Senior Two" and "Senior Three" since February 29, 2004 whose work location is identified as being in California and who at some point between February 29, 2004 to March 31, 2008 did not have a CPA license.

6.    At the time their employment ended, these approximately 771 former employees were earning an average annual salary of approximately $63,507. I obtained this information by calculating the arithmetic mean of the most recent salaries for each of these former employees.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 23, 2008, at Raleigh, North Carolina.


_____
Daniel Martin

DECLARATION OF DANIEL MARTIN IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S NOTICE OF REMOVAL OF ACTION

# Declaration of Stephanie Der

## DECLARATION OF STEPHANIE DER

I, Stephanie Der, certify and declare as follows:

1.    I am an attorney at law duly licensed to practice in the Eastern District of California and an associate in the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys of record for Defendant Ernst & Young LLP ("Ernst & Young") in this action. I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would and could testify competently under oath thereto.  I submit this declaration in support of Defendant Ernst & Young LLP's Notice of Removal of Action.

2.    On February 21, 2008, a putative class action was commenced and is currently pending against Ernst & Young LLP in the Superior Court of California, Placer County, as Case No. S-CV-22497, entitled Joseph Landon, individually and on behalf of all others similarly situated, Plaintiffs, vs. ERNST & YOUNG, LLP, a limited liability partnership, ERNST & YOUNG U.S. LLP, a limited liability partnership; and DOES 1-100, inclusive, Defendants.

3.    Attached hereto as **Exhibit A** is a true copy of the Proof of Service, Summons, Case Management Conference Scheduling Sheet, Civil Case Cover Sheet, and Complaint, as served on Ernst & Young via Federal Express on March 28, 2008.

4.    Attached hereto as **Exhibit B** is a true conformed copy of Ernst & Young LLP's Answer to Plaintiff's Unverified Complaint, filed in Placer County Superior Court on April 24, 2008.

5.    There have been no further proceedings in case number S-CV-22497, and no other pleadings have been filed and served upon Plaintiff or Ernst & Young in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 24th day of April, 2008, in Los Angeles, California.

0012

_____
Stephanie Der

1

DECLARATION OF STEPHANIE DER IN SUPPORT OF DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S NOTICE OF REMOVAL OF ACTION                    CV-08-

# Exhibit A

## *NATIONAL REGISTERED AGENTS, INC.*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  ROBERT G. COHEN
ERNST & YOUNG LLP
5 TIMES SQUARE
NEW YORK, NY 10036-

SOP Transmittal # NY29366

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: ERNST & YOUNG LLP
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of   NEW YORK   on this   28   day of   March   ,   2008   . The following is a summary of the document(s) received:

1.  **Title of Action:** Joseph Landon, individually and on behalf of all others  vs: Ernst & Young LLP

2.  **Document(s) served:**

      X  Summons                      ___ Subpoena                       ___ Injunction
      ___ Complaint                   ___ Third Party Complaint           ___ Notice of
      ___ Petition                    ___ Demand for Jury Trial           ___ Mechanics Lien
      ___ Garnishment                 ___ Default Judgement               X  Other: Class Action Complaint

3.  **Court of Jurisdiction/**    Superior Court of California/County of Placer
    **Case & Docket Number:** S CV 22497

4.  **Amount Claimed, if any:**

5.  **Method of Service** (select one):
      ___ Personally served by:     ___ Process Server        ___ Deputy Sheriff        ___ U. S Marshall
      ___ Delivered Via:            ___ Certified Mail         ___ Regular Mail          ___ Facsimile
                                        (Envelope enclosed)        (Envelope enclosed)
      X  Other (Explain):
      Federal Express (track # 7904 7972 4682)

6.  **Date and Time of Service:** 3/28/2008 10:18:42 AM EST (GMT -5)

7.  **Appearance/Answer Date:** June 17, 2008

8.  **Plaintiff's Attorney:**    Law Office of Steven Elster
    (Name, Address & Telephone Number)    785 E2 Oak Grove Road
                                          # 201
                                          Concord, CA  94518
                                          925-324-2139

9.  **Federal Express Airbill #** 798406977985

10.  **Call Made to:** VM - ROBERT G. COHEN

11.  **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**                    **Copies To:**

Transmitted by: Gerri Mirando`

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion.  It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

0013

COS 22

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  ROBERT G. COHEN
ERNST & YOUNG LLP
5 TIMES SQUARE
NEW YORK, NY 10036-

SOP Transmittal # NY29366

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: ERNST & YOUNG LLP
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of     NEW YORK     on this  28  day of     March     ,  2008 . The following is a summary of the document(s) received:

1.    **Title of Action:** Joseph Landon, individually and on behalf of all others  vs: Ernst & Young LLP

2.    **Document(s) served:**

| | | |
|---|---|---|
| X  Summons | ___ Subpoena | ___ Injunction |
| ___ Complaint | ___ Third Party Complaint | ___ Notice of |
| ___ Petition | ___ Demand for Jury Trial | ___ Mechanics Lien |
| ___ Garnishment | ___ Default Judgement | X  Other: Class Action Complaint |

3.    **Court of Jurisdiction/**  Superior Court of California/County of Placer
**Case & Docket Number:** S CV 22497

4.    **Amount Claimed, if any:**

5.    **Method of Service** (select one):
___ Personally served by:   ___ Process Server      ___ Deputy Sheriff      ___ U. S Marshall
___ Delivered Via:          ___ Certified Mail       ___ Regular Mail        ___ Facsimile
                            (Envelope enclosed)      (Envelope enclosed)

X  Other (Explain):
Federal Express (track # 7904 7972 4682)

6.    **Date and Time of Service:** 3/28/2008 10:18:42 AM EST (GMT -5)

7.    **Appearance/Answer Date:** June 17, 2008

8.    **Plaintiff's Attorney:**  Law Office of Steven Elster
(Name, Address & Telephone Number)
785 E2 Oak Grove Road
# 201
Concord, CA  94518
925-324-2139

9.   **Federal Express Airbill #** 798406977985

10.  **Call Made to:** VM - ROBERT G. COHEN

11.    **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**            **Copies To:**

Transmitted by: Gerri Mirando'

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion.  It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

### ACKNOWLEDGEMENT COPY - INITIAL AND RETURN TO NRAI

CASE NO.    **S CV 22497**

# A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE:    **June 17, 2008**
TIME:    **10:30 A.M. If your case number starts with "S-CV"**
         **11:00 A.M. If your case number starts with "M-CV"**
DEPT:    **7 Located at 11546 B Ave, DeWitt Center, Auburn CA 95603**

## IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. Call 530-889-7465 or go to the court's website at www.placercourts.org and select "Legal Help Center/Self Help" for information about the Legal Help Center.

## INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

Fifteen calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110). If you turn it in late, it will be returned to you and will not be filed. (CRC 3.725, Local Rule 20.1.8) The court may also impose sanctions, dismiss the case, and/or strike the answer.

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placercourts.org. Select "Tentative Rulings and Calendar Notes", then "Civil CMC." If you do not have Internet access, call the court at 530-745-2222 to get the information.

At the First Case Management Conference, the court will make orders which may include: redesignating the class currently assigned; exempting the case from dispositional time goals; referring the case to arbitration; transferring the case to Limited Jurisdiction; assigning the case to a particular judge for all purposes; assigning a trial date; assigning the case as a short cause trial matter; identifying the case as one which may be protracted; identifying the case as one which may be amenable to early settlement; establishing a discovery cut-off; scheduling the exchange of expert witness information; scheduling a mandatory settlement conference; scheduling a final case management conference; or, other orders to achieve the interests of justice and timely disposition of the case.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, YOU MUST CONTACT **COURT CALL** TOLL FREE, AT 888-882-6878, AT LEAST TWO (2) COURT DAYS PRIOR TO THE APPEARANCE TO ARRANGE FOR THIS. YOU MUST PAY COURT CALL TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

COPY

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*:<br>Wayne S. Kreger, SBN 154759<br>William A. Baird, SBN 192675<br>2800 Donald Douglas Loop North<br>Santa Monica, CA 90405<br>TELEPHONE NO.: 310-396-9600    FAX NO.: 310-396-9635<br>ATTORNEY FOR *(Name)*: Joseph Landon | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF PLACER<br><br>FEB 21 2008<br><br>JOHN MENDES<br>EXECUTIVE OFFICER & CLERK<br>BY T. Lewis, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer
STREET ADDRESS: 101 Maple St.
MAILING ADDRESS: 101 Maple St.
CITY AND ZIP CODE: Auburn 95603-5012
BRANCH NAME: Civil Division

CASE NAME:
Joseph Landon, et al., v. Ernst & Young, LLP, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **S CV 22497**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*: 5 Causes of Action
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 20, 2008
William A. Baird
*(TYPE OR PRINT NAME)*                                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

FILED BY FAX

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (not asbestos or
  toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (not civil
  harassment) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (not unlawful detainer
      or wrongful eviction)
  Contract/Warranty Breach—Seller
    Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (not provisionally
  complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent
    domain, landlord/tenant, or
    foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (arising from provisionally complex
  case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (non-
    domestic relations)
  Sister State Judgment
  Administrative Agency Award
    (not unpaid taxes)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
  above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-
    harassment)
  Mechanics Lien
  Other Commercial Complaint
    Case (non-tort/non-complex)
  Other Civil Complaint
    (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (not specified
  above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

0017

COS 26

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ERNST & YOUNG LLP, a limited liability partnership; ERNST &
YOUNG U.S. LLP, a limited liability partnership; and DOES 1-100,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSEPH LANDON, individually and on behalf of all others similarly
situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

FEB 2 1 2008

JOHN MENDES
EXECUTIVE OFFICER & CLERK
BY T. Lewis, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* **S CV 22497**

Superior Court of Placer County
101 Maple St.
Auburn, CA 95603-5012

**FILED BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: | FEB 2 1 2008 | John Mendes | Clerk, by | T Lewis | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)* | | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

[SEAL]



1
2  **MILSTEIN, ADELMAN & KREGER, LLP**
   WAYNE S. KREGER, State Bar No. 154759
   WILLIAM A. BAIRD, State Bar No. 192675
3  2800 Donald Douglas Loop North
   Santa Monica, California 90405
4  Telephone:    (310) 396-9600
   Facsimile:    (310) 396-9635
5  **LAW OFFICE OF STEVEN ELSTER**
6  STEVEN ELSTER, State Bar No. 227545
   785/E2 Oak Grove Road, #201
7  Concord, CA 94518-3617
   Telephone:    (925) 324-2159
8  Facsimile:    (925) 945-1276

9  Attorneys for Plaintiff
   Joseph Landon

10

11

12

13  JOSEPH LANDON, individually and on behalf
    of all others similarly situated,

14          Plaintiff,

15      vs.

16  ERNST & YOUNG LLP, a limited liability
    partnership; ERNST & YOUNG U.S. LLP, a
17  limited liability partnership; and DOES 1-100,
    inclusive,

18

19          Defendants.

20

21

22

23

24

25

26

27

28

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

FEB 2 1 2008

JOHN MENDES
EXECUTIVE OFFICER & CLERK
BY T. Lewis, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR PLACER COUNTY**

CASE NO.: **S CV 22497**

**CLASS ACTION COMPLAINT:**

1. **FAILURE TO PAY OVERTIME COMPENSATION**

2. **FAILURE TO PROPERLY COMPENSATE FOR MEAL BREAKS**

3. **FAILURE TO FURNISH PROPER PAYCHECK STUBS**

4. **FAILURE TO PAY ALL WAGES AT END OF EMPLOYMENT**

5. **VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200**

**FILED BY FAX**

**JURY TRIAL DEMANDED**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

COPY

1
CLASS ACTION COMPLAINT

0019

COS 28

Millstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

## CLASS ACTION COMPLAINT

Representative Plaintiff JOSEPH LANDON ("Plaintiff"), on behalf of himself, on behalf of the general Public, and on behalf of all others similarly situated, brings this case to challenge Defendants' lucrative, repressive and unlawful business practices and hereby demands a trial by jury and alleges as follows:

1.     This is a class action brought against DEFENDANT ERNST & YOUNG LLP, a limited liability partnership; DEFENDANT ERNST & YOUNG U.S. LLP, a limited liability partnership; and DOES 1-100 (collectively referred to as "Defendants") on behalf of a collective class of all salaried persons employed by Defendants in California to do accounting work but who were not licensed or certified by the State of California in the practice of accounting and were not paid overtime for hours worked in excess of 8 hours in a day or 40 hours in a week (collectively referred to as "Uncertified Employees") from February of 2004 to the present.

2.     This action alleges that Defendants: (1) failed to pay overtime for all hours worked by Uncertified Employees as required by the California Labor Code; (2) failed to properly compensate Uncertified Employees for missed meal breaks; (3) failed to furnish proper paycheck stubs when paying Uncertified Employees; (4) failed to pay all wages owed to Uncertified Employees at the end of their employment; and (5) violated California's Unfair Business Practices Act, California Business & Professions Code sections 17200, *et seq.*.

## JURISDICTION AND VENUE

3.     This class action suit is founded upon California state law including, but not limited to, violations of the California Labor Code, the California Code of Regulations (Industrial Welfare Commission's Wage Orders) and the California Business & Professions Code, which are subject to the jurisdiction of this court.

4.     Venue is proper in that Defendants are limited liability partnerships that are authorized to conduct and do conduct significant amounts of business in Placer County as well as throughout the State of California. In particular, Defendants maintain an office in Roseville, California and a substantial part of the events and omissions giving rise to the claims of Plaintiff Joseph Landon and other members of the Class occurred at this office.

2
CLASS ACTION COMPLAINT

### PARTIES

5.     Plaintiff JOSEPH LANDON is a California resident who worked for Defendants during the class period.

6.     Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated and pursuant to California Business & Professions Code sections 17200, *et seq.*

7.     At all times herein relevant, the Plaintiff was and now is a person within the Class of persons further described and defined herein.

8.     At all times herein, Defendant ERNST & YOUNG LLP, a limited liability partnership and Defendant ERNST & YOUNG U.S. LLP, a limited liability partnership, were and are business entities that conduct significant amounts of business within Placer County and were and are primarily involved in the business of selling public accounting services.

9.     Plaintiff is informed and believes and based thereon alleges that the true names and capacities, whether individual, corporate, associate, or otherwise, of Does 1-100, inclusive ("Does"), are unknown to Plaintiff, who therefore sues said Does by such fictitious names.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants were and are corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.  As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code; the applicable Wage Orders issued by the Industrial Welfare Commission; and California Business and Professions Code section 17200, *et seq.*

11.     Plaintiff is informed and believes and based thereon alleges that each of the Doe Defendants is responsible in some  manner for the conduct alleged herein and for the injuries suffered by Plaintiff and the members of the Class.

12.     Plaintiff is informed and believes and based thereon alleges that Does were the agents, servants and/or employees of the other Defendants and in doing the things hereinafter

Miselis, Mielmus & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

3
CLASS ACTION COMPLAINT

1  alleged, and at all times, were acting within the scope of their authority as such agents, servants and

2  employees, and with the permission and consent of the other Defendants.

3       13.    At all times herein mentioned, Defendants and each of them, were members of, and

4  engaged in, a joint venture, partnership and common enterprise, and acting within the course and

5  scope of, and in pursuance of, said joint venture, partnership and common enterprise.

6       14.    At all times herein mentioned, the acts and omissions of various Defendants, and

7  each of them, concurred and contributed to the various acts and omissions of each and all of the

8  other Defendants in proximately causing the injuries and damages herein alleged.

9       15.    At all times herein mentioned, Defendants, and each of them, ratified each and every

10  act or omission complained of herein. At all times herein mentioned, Defendants, and each of them,

11  aided, abetted, and consented to the acts and omissions of each and all of the other Defendants in

12  proximately causing the injuries and damages herein alleged.

### ADDITIONAL FACTS

14       16.    During the class period, Defendants regularly employed salaried workers to do

15  accounting work but these workers were not licensed or certified by the State of California in the

16  practice of accounting; in other words, Defendants' Uncertified Employees were not Certified

17  Public Accountants.

18       17.    Defendants uniformly classified all Uncertified Employees as exempt from overtime

19  under the California Labor Code and the Industrial Welfare Commission's Wage Orders.

20       18.    During their employment by Defendants, Plaintiff worked more than 8 hours in a day

21  and/or 40 hours in a week but in keeping with uniform company policy with respect to all salaried

22  Uncertified Employees, Defendants did not pay Plaintiff overtime compensation for those hours. In

23  addition, Plaintiff was frequently unable to take proper meal breaks as required by California law.

24       19.    Although classified as exempt, Plaintiff and the class members should have been

25  paid overtime for all qualifying hours but Defendants uniformly failed to pay such overtime.

### CLASS ALLEGATIONS

27       20.    This action may properly be maintained as a class action pursuant to section 382 of

28  the California Code of Civil Procedure. All claims alleged herein arise under California law for

*Milstein, Adelman & Kreger, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, CA 90405*

4

CLASS ACTION COMPLAINT

which Plaintiff seeks relief authorized under California law. This Class is comprised of, and defined as:

> All persons employed by Defendants in the State of California as salaried exempt employees doing accounting work at any time within four years of the filing of this complaint to the present but who were not licensed or certified by the State of California in the practice of accounting and were not paid overtime for hours worked in excess of 8 hours in a day or 40 hours in a week (at times referred to as the "Class").

21.   The proposed Class is ascertainable in that its members can be identified using information contained in Defendants' payroll and personnel records.

22.   The members of the Class are sufficiently numerous such that joinder of all members would be impracticable. Further, the disposition of the claims of the Class in a class action will provide substantial benefits to both the parties and the Court.

23.   The California Labor Code and Wage Order provisions upon which Plaintiff bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

24.   The nature of this action and the format of laws available to Plaintiff and the Class make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. Further, this case involves large corporate Defendants and a large number of individual employees with many relatively small claims. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior legal and financial resources.

25.   Requiring each member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer.

Milstein, Adelman & Kruger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

5

**CLASS ACTION COMPLAINT**

26.     Moreover, the prosecution of separate actions by the individual Class members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class members against Defendants.

27.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions which may affect individual plaintiff Class members.  These questions of law and fact include, but are not limited to, the following:

(a)     Whether each Class member was licensed or certified by the State of California in the practice of accounting;

(b)     Whether Defendants classified each Class member as exempt;

(c)     Whether Defendants were required by law to pay the Class overtime for all hours worked in excess of 8 hours a day and 40 hours per week;

(d)     Whether Defendants implemented and engaged in a systematic practice whereby they improperly failed to pay for all overtime hours worked by the Class;

(e)     Whether Defendants denied members of the Class wages in order to increase profits and lower costs;

(f)     Whether Defendants failed to keep, maintain and/or furnish accurate records of the actual hours worked by the Class;

(g)     Whether the Class received appropriate meal breaks in compliance with California law;

(h)     Whether Class members no longer working for Defendants are entitled to "waiting time" penalties;

(i)     Whether Defendants' conduct constituted an illegal, unfair, or deceptive business practice;

(j)     Whether Defendants' systematic acts and practices violated, *inter alia*, California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174, and 1194, the applicable Wage Orders of the Industrial Welfare Commission, and Business & Professions Code sections 17200 *et seq.*;

Milstein, Adelman & Kroger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

6

CLASS ACTION COMPLAINT

1     (k)    Whether the Class is entitled to compensatory damages under the Labor

2    Code; and

3     (l)    Whether Class members are entitled to injunctive relief.

4      28.   Proof of a common business practice or factual pattern which Plaintiff experienced is

5  representative of that experienced by the Class and will establish the right of each of the Class

6  members to recover on the causes of action alleged.

7      29.   Such a pattern, practice and uniform administration of illegal corporate policies with

8  respect to employee compensation, as described herein, creates an entitlement in common for

9  Plaintiff and the Class to recover in a civil action for the unpaid balance of the full amount of the

10  overtime compensation owing, including interest thereon, waiting time penalties, reasonable

11  attorney's fees and costs of suit according to the mandate of California Labor Code section 1194, *et*

12  *seq.*

13      30.   Furthermore, Plaintiff and the Class are entitled in common to restitution and

14  disgorgement of funds withheld improperly by Defendants. Accordingly, Plaintiff, on behalf of the

15  Class, will seek the creation of a common fund made up of the aforementioned damages.

16      31.   Plaintiff asserts claims that are typical of the claims of the Class because he was

17  employed by Defendants as a salaried exempt employee to do accounting work but was not licensed

18  or certified by the State of California in the practice of accounting and was not paid overtime for

19  hours worked in excess of 8 hours in a day or 40 hours in a week and was therefore subjected to the

20  same uniform policies and procedures as the Class and similarly injured due to Defendants' actions.

21      32.   Plaintiff will fairly and adequately represent and protect the interests of the Class in

22  that he has no disabling conflicts of interest that would be antagonistic to other members of the

23  Class. Moreover, Plaintiff seeks relief that is not antagonistic or adverse to the members of the

24  Class in that the infringement of Plaintiff's rights and the damages Plaintiff has suffered are typical

25  of all other members of the Class. Additionally, Plaintiff has retained counsel that is competent and

26  experienced in class action litigation.

27      33.   Plaintiff and the Class have all similarly suffered irreparable harm and damages as a

28  result of Defendants' unlawful and wrongful conduct. This action will provide substantial benefits

Miltede, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

7

CLASS ACTION COMPLAINT

1   to both the Class and the public since, absent this action, Defendants' unlawful conduct will

2   continue unremedied and uncorrected.

3       34.    Defendants have acted or refused to act in respects generally applicable to the Class,

4   thereby making appropriate final and injunctive relief or corresponding declaratory relief with

5   regard to members of the Class as a whole, as requested herein.  Likewise, Defendants' conduct as

6   described above and below is unlawful, continuing and capable of repetition and will continue

7   unless restrained and enjoined by the Court.

8                              **FIRST CAUSE OF ACTION**

9   **(Failure to Pay Overtime Wages in Violation of the California Labor Code and Applicable**

10  **Wage Orders of the California Industrial Welfare Commission, Against All Defendants and**

11                                 **Does 1-100)**

12      35.    The preceding paragraphs of this Complaint are realleged and incorporated by

13  reference.

14      36.    Pursuant to California Labor Code section 1194, Plaintiff may bring a civil action for

15  overtime wages directly against the employer without first filing a claim with the Division of Labor

16  Standards Enforcement.  Further, such private actions have the support and approval of the Division

17  of Labor Standards Enforcement.

18      37.    During all relevant time periods, California Labor Code section 510 applied to the

19  Plaintiff and the Class and provided that any work performed by a non-exempt employee in excess

20  of 8 hours in a day or in excess of 40 hours in a week, must be compensated at one and one-half

21  times the employee's regular rate of pay.  Defendants and each of them, did not compensate Plaintiff

22  or the Class for all hours worked in excess of 8 hours in a day or in excess of 40 hours in a week at

23  one and one-half times their regular rate of pay.

24      38.    During their employment by Defendants, Plaintiff and members of the Class were

25  required to work more than 8 hours a day and/or 40 hours per week without receiving overtime pay.

26      39.    However, Plaintiff and the Class were not exempt and should have received overtime

27  wages in a sum according to proof for the hours they worked pursuant to the provisions of

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

8

1    California's Labor Code and the applicable Wage Orders issued by the Industrial Welfare

2    Commission of California.

3        40.    Plaintiff is informed and believes and thereon alleges that Defendants and each of

4    them, knew or should have known that Plaintiff and members of the Class should have been paid a

5    premium for all overtime hours they worked and purposely and unfairly elected not to pay them for

6    their overtime labor.

7        41.    Such a pattern, practice and uniform administration of corporate policy regarding

8    illegal employee compensation, as described herein, is unlawful and Plaintiff and the Class are

9    entitled to recover in a civil action for the unpaid balance of the full amount of the overtime

10   premiums owing, including interest thereon, as well as penalties, reasonable attorney's fees and

11   costs of suit pursuant to the California Labor Code.  Therefore, Plaintiff and the Class request such a

12   recovery.

13       42.    Plaintiff and the Class also seek injunctive relief to ensure that Class members are

14   properly classified.

15       43.    Plaintiff and the Class also request relief as described below.

16                          **SECOND CAUSE OF ACTION**

17   **(Failure to Properly Compensate for Missed Meal Breaks in Violation of the California Labor**

18               **Code, Against All Defendants and Does 1-100)**

19       44.    The preceding paragraphs of this Complaint are realleged and incorporated by

20   reference.

21       45.    Labor Code sections 226.7 and 512 require that every employer authorize and permit

22   employees to take an uninterrupted meal period of not less than 30 minutes for a work period of

23   more than five hours.  If an employer fails to provide the meal periods, the employer is required to

24   pay the employee one additional hour of compensation for each workday that a meal period is not

25   provided.

26       46.    Defendants and each of them, failed to provide Plaintiff and the Class the meal

27   periods required under California law.

28

Nilstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

9
CLASS ACTION COMPLAINT

47.     Defendants' failures proximately caused Plaintiff and the Class to be deprived of wages and therefore entitles Plaintiff and the Class to one hour of additional pay for each improper meal break.

48.     Plaintiff and the Class also request relief as described below.

### THIRD CAUSE OF ACTION

**(Failure to Furnish Accurate Itemized Wage Statements in Violation of the California Labor Code, Against All Defendants and Does 1-100)**

49.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

50.     California Labor Codes sections 226 subsection (a) and 1174 require employers to maintain and furnish each employee with an itemized statement showing the total hours worked by the employee on a semi-monthly basis or with each paycheck.

51.     California Labor Code section 226(e) provides that if an employer knowingly and intentionally failed to comply with this section then the employee is entitled to recover the greater of actual damages or $50 dollars for the initial violation and $100 dollars for each subsequent violation, up to $4,000, plus costs and reasonable attorney's fees.

52.     Defendants knowingly and intentionally failed to furnish and maintain for Plaintiff and the Class the records required under California law. As a result, Plaintiff and the Class are entitled to the amounts provided in Labor Code section 226(e).

53.     Plaintiff and the Class also request relief as described below.

### FOURTH CAUSE OF ACTION

**(Failure to Timely Compensate for All Wages Due at End of Employment in Violation of the California Labor Code, Against All Defendants and Does 1-100)**

54.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

55.     Labor Code section 201 required Defendants and each of them, to pay their employees that were discharged all wages due immediately upon discharge. Labor Code section 202 required Defendants and each of them, to pay their employees that resigned all wages due within 72

Millstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

10

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1  hours of the resignation. Defendants and each of them, in violation of these sections, willfully failed
2  to pay Plaintiff and the Class all wages due and owing within the timeframes required by these
3  statutes.

4      56.    Plaintiff and all other Class members did not secrete or absent themselves from
5  Defendants nor refuse to accept the earned and unpaid wages from Defendants. Defendants' illegal
6  actions proximately caused damages to Plaintiff and the Class.

7      57.    Accordingly, Defendants and each of them, are liable for waiting time penalties to
8  Plaintiff and the Class pursuant to Labor Code section 203 in an amount according to proof.

9      58.    Plaintiff and the Class also request relief as described below

10  ## FIFTH CAUSE OF ACTION

11  **(Violation of Business & Professions Code Sections 17200, et seq., Unfair Business Practices,**
12  **Against All Defendants and Does 1-100)**

13      59.    The preceding paragraphs of this Complaint are realleged and incorporated by
14  reference.

15      60.    Business and Professions Code § 17200 et seq., prohibits acts of unfair competition
16  which shall mean and include any "unlawful, unfair, or fraudulent business act or practice." Plaintiff
17  and the Class allege that at all relevant times Defendants and each of them, have engaged in unfair
18  business practices in California by utilizing the illegal employment practices outlined above,
19  including causing Plaintiff and the Class to perform services without receiving proper compensation
20  as required by the California Labor Code and the applicable Wage Orders of the Industrial Welfare
21  Commission.

22      61.    Defendants' practices are illegal and violate Labor Code sections 201, 202, 203, 226,
23  226.7, 510, 512, 1174, and 1194, and the applicable Wage Orders of the Industrial Welfare
24  Commission. Furthermore, Defendants' policies and procedures constitute unfair business
25  practices, unfair competition, and provide an unfair advantage over Defendants' competitors.

26      62.    Defendants' actions entitle Plaintiff and the Class to seek the remedies available
27  pursuant to section 17200.

28

11

CLASS ACTION COMPLAINT

63.    Additionally, under California law, wages unlawfully withheld from an employee constitute an unfair business act as defined by section 17200 entitling Plaintiff and the Class to a restitution remedy authorized by section 17203.

64.    Plaintiff and the Class seek full restitution and disgorgement of said monies from Defendants, as necessary and according to proof, to restore any and all monies, including interest, withheld, acquired or converted by Defendants by means of the unfair practices complained of herein. Plaintiff and the Class further seek the appointment of a receiver as necessary. Plaintiff and the Class also seek an injunction and declaratory relief to remedy and prevent Defendants' improper practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

1.    An Order certifying that the action may be maintained as a class action under California Civil Code section 382;

2.    For an injunction against Defendants' continued application of policies that violate California law;

3.    Compensatory and statutory damages including interest thereon, and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial;

3.    For pre-judgment and post-judgment interest as allowed by California Labor Code sections 218.6 and 1194(a) and California Civil Code section 3287;

4.    For reasonable attorney's fees, expenses and costs as provided by California Labor Code section 1194;

5.    For penalties as appropriate and available under each cause of action, pursuant to the applicable Labor Code sections;

6.    For restitution to Plaintiff and the Class (and disgorgement from Defendants) of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to violate California Business & Professions Code section 17200 *et seq.*;

7.    For exemplary and punitive damages as appropriate and available under each cause of action, pursuant to California Civil Code section 3294; and

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

12

CLASS ACTION COMPLAINT

8.   Such other and further relief as the Court deems proper.

DATE: February 20, 2008

MILSTEIN, ADELMAN & KREGER, LLP



By: WILLIAM A. BAIRD
Attorney for Plaintiff, JOSEPH LANDON, on Behalf
of Himself, All Others Similarly Situated, and On
Behalf of the General Public.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13
CLASS ACTION COMPLAINT

0031

COS 40

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all claims and causes of action existing in this lawsuit.

DATE: February 20, 2008

MILSTEIN, ADELMAN & KREGER, LLP



By:  WILLIAM A. BAIRD
Attorney for Plaintiff, JOSEPH LANDON, on Behalf of Himself, All Others Similarly Situated, and On Behalf of the General Public.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

14

CLASS ACTION COMPLAINT

# Exhibit B

@003/008

1   AKIN GUMP STRAUSS HAUER & FELD LLP
    CATHERINE A. CONWAY (SBN 98366)
2   GREGORY W. KNOPP (SBN 237615)
    ANASTASIA M. BOLES (SBN 224980)
3   STEPHANIE S. DER (SBN 240576)
    2029 Century Park East, Suite 2400
4   Los Angeles, California 90067-3012
    Telephone: 310-229-1000
5   Facsimile: 310-229-1001

6   Attorneys for DEFENDANT ERNST & YOUNG LLP
    and ERNST & YOUNG U.S. LLP

7

8

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR THE COUNTY OF PLACER

11

12

| | |
|---|---|
| JOSEPH LANDON, individually and on behalf of all others similarly situated, | Case No. S-CV22497 |
| Plaintiffs, | Assigned to Commissioner Margaret Wells |
| v. | Dept.: 7 |
| ERNST & YOUNG LLP, a limited liability partnership; ERNST & YOUNG U.S. LLP, a limited liability partnership; and DOES 1 - 100, inclusive, | DEFENDANTS ERNST & YOUNG LLP AND ERNST & YOUNG U.S. LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT |
| Defendants. | Date Action Filed:   February 21, 2008 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

APR 24 2008

JOHN MENDES
EXECUTIVE OFFICER & CLERK
By B. Burke, Clerk

COPY

---

DEFENDANTS ERNST & YOUNG LLP AND ERNST & YOUNG U.S. LLP'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

Defendant Ernst & Young LLP and Defendant Ernst & Young U.S. LLP ("Defendants") hereby answer the Complaint ("Complaint") filed by Plaintiff Joseph Landon ("Plaintiff"), as follows:

### GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants generally and specifically deny each and every allegation of the Complaint.  Further, and without admitting any of the allegations asserted therein or conceding that Defendants bear any burden of proof on any issue that Defendants would not otherwise bear such burden on, Defendants assert the following general and affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff is barred from relief because the Complaint, and each of the five purported causes of action set forth therein, fails to allege facts sufficient to state a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff is barred from relief to the extent that he seeks relief for conduct occurring outside the periods proscribed by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff is barred from relief to the extent he was required, but failed, to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff is barred from relief because Defendants acted in good faith and had reasonable grounds for believing that Defendants did not violate the California Labor Code.

0034

1

### FIFTH AFFIRMATIVE DEFENSE

#### (Exempt Employee)

Plaintiff is barred from relief because he is exempt from coverage under the provisions of the overtime requirements of the California Labor Code and/or the Wage Orders referenced in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

#### (Frivolous Claims)

Plaintiff is barred from relief because Plaintiff's Complaint and each purported cause of action therein were not brought in good faith and are frivolous.  Therefore, Defendants are entitled to recover reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this court's inherent authority and California Code of Civil Procedure § 128.7.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Waiver)

Plaintiff is barred from relief because, by his actions, he has waived his right to recovery.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

Plaintiff is barred from relief to the extent he failed to mitigate his alleged damages.

### NINTH AFFIRMATIVE DEFENSE

#### (Paid All Sums)

Plaintiff is barred from relief because Defendants have paid Plaintiff all sums due him.

### TENTH AFFIRMATIVE DEFENSE

#### (Laches)

Plaintiff is barred from relief because Plaintiff has inexcusably and unreasonably delayed the filing of this action, causing prejudice to Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (No Basis for Attorneys' Fees)

Plaintiff is barred from relief because he has no basis to seek attorneys' fees under California Labor Code § 1194.

0035

2

## TWELFTH AFFIRMATIVE DEFENSE

### (De Minimis Doctrine)

Plaintiff is barred from relief because each purported cause of action stated in the Complaint is barred under the de minimis doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Statute)

Defendants at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action therein are barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Time Not Compensable)

The time for which Plaintiff seeks compensation does not, in whole or in part, constitute compensable working time.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief)

The Complaint fails to allege facts sufficient to state a claim for injunctive relief.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to challenge any employment practice that did not affect him.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Action)

To the extent that Plaintiff purports to bring this case as a class or collective action, Plaintiff cannot satisfy the requirements for a class or collective action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Impermissible Representative Action)

Plaintiff is barred from obtaining relief against Defendants, because California Business and Professions Code §17200, *et seq.*, does not permit representative actions where liability can be determined only through fact-intensive individualized assessments of alleged wage and hour violations.

0036

3

## NINETEENTH AFFIRMATIVE DEFENSE

### (Class Action Civil Penalties Unconstitutional)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff's claim for civil penalties on behalf of a class is unconstitutional in violation of the United States and California Constitutions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Defendants are Not Employer)

The Complaint, and each purported cause of action contained therein, is barred to the extent it is brought against an entity that is not an employer of the putative class members.

## RESERVATION OF RIGHTS

Defendants hereby give notice that Defendants intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend this Answer to assert any such defenses.

**WHEREFORE**, Defendants pray for judgment as follows:

1.  That Plaintiff take nothing by the Complaint;

2.  That the Complaint be dismissed;

3.  For judgment in favor of Defendant;

4.  For costs of suit herein;

5.  For attorneys' fees pursuant to Labor Code § 218.5 and California Code of Civil Procedure § 128.7 and any other appropriate basis; and

6.  For such other and further relief as the Court may deem proper and just.

Dated: April 24, 2008

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Catherine A. Conway
Gregory W. Knopp
Anastasia M. Boles
Stephanie S. Der

By_____
                Stephanie S. Der
Attorneys for Defendant Ernst & Young LLP and
ERNST & YOUNG U.S. LLP

0037

4

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, CA 90067.  On April 24, 2008, I served the foregoing document(s) described as: **DEFENDANT ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**  on the interested party(ies) below, using the following means:

Wayne S. Kreger, Esq.                    Steven Elster, Esq.
William A. Baird, Esq.                    Law Offices of Steven Elster
Milstein, Adelman & Kreger, LLP          785/E2 Oak Grove Road #201
2800 Donald Douglas Loop North           Concord, CA 94518-3617
Santa Monica, CA 90405                   925.945.1276 (fax)
310.396.9635 (fax)

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 24, 2008 at Los Angeles, California.

Tracy Howe
[Print Name of Person Exec]              0038                    [Signature]

5

DEFENDANTS ERNST & YOUNG LLP AND ERNST & YOUNG U.S. LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and
not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los

4

Angeles, CA 90067. On April 25, 2008, I served the foregoing document(s) described as:

5

**DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2),
1441, 1446, AND 1453** on the interested party(ies) below, using the following means:

6

7

Wayne S. Kreger, Esq.                          Steven Elster, Esq.

8

William A. Baird, Esq.                          Law Offices of Steven Elster
Milstein, Adelman & Kreger, LLP    785/E2 Oak Grove Road #201

9

2800 Donald Douglas Loop North    Concord, CA 94518-3617
Santa Monica, CA 90405                   925.945.1276 (fax)
310.396.9635 (fax)

10

11

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the
respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and

12

mailing, following our ordinary business practices. I am readily familiar with the firm's practice of
collection and processing correspondence for mailing. On the same day that correspondence is placed

13

for collection and mailing, it is deposited in the ordinary course of business with the United States
Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

14

15

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an
overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I

16

placed the envelope or package for collection and overnight delivery at an office or a regularly utilized
drop box of the overnight delivery carrier.

17

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties

18

to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the
respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable

19

time after the transmission, any electronic message or other indication that the transmission was
unsuccessful.

20

I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made.

21

22

Executed on April 25, 2008 at Los Angeles, California.

23

Tracy Howe
[Print Name of Person Executing Proof]                    [Signature]

24

25

26

27

28

0039

DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

COS 49

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los

4

Angeles, CA 90067.  On April 28, 2008, I served the foregoing document(s) described as:

5

**DEFENDANT ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S  NOTICE TO
ADVERSE PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION TO THE**

6

**UNITED STATES DISTRICT COURT**  on the interested party(ies) below, using the following
means:

7

        Wayne S. Kreger, Esq.              Steven Elster, Esq.

8

        William A. Baird, Esq.            Law Offices of Steven Elster
        Milstein, Adelman & Kreger, LLP    785/E2 Oak Grove Road #201

9

        2800 Donald Douglas Loop North    Concord, CA 94518-3617
        Santa Monica, CA 90405            925.945.1276 (fax)

10

        310.396.9635 (fax)

11

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the

12

respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and
mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of

13

collection and processing correspondence for mailing.  On the same day that correspondence is placed
for collection and mailing, it is deposited in the ordinary course of business with the United States

14

Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

15

    I declare under penalty of perjury under the laws of the State of California that the foregoing is

16

true and correct.

    Executed on April 28, 2008 at Los Angeles, California.

17

18

19

20

21

Tracy Howe

[Print Name of Person Executing Proof]          [Signature]

22

23

24

25

26

27

28

---

**DEFENDANT ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S  NOTICE TO ADVERSE
PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT
COURT**