CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
ANASTASIA M. BOLES (SBN 224980)
STEPHANIE S. DER (SBN 240576)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001
cconway@akingump.com
gknopp@akingump.com
aboles@akingump.com
sder@akingump.com

Attorneys for DEFENDANT ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JOSEPH LANDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ERNST & YOUNG LLP, a limited liability partnership; ERNST & YOUNG U.S. LLP, a limited liability partnership; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:08-CV-00889-GEB-DAD<br><br>**DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S MOTION TO TRANSFER; DECLARATION OF DARIA HODAPP IN SUPPORT THEREOF**<br><br>[*Declaration of Stephanie Der Filed Concurrently Herewith*]<br><br>Date: June 2, 1008<br>Time: 9:00 AM<br>Ctrm: 10 |

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 2, 2008, at 9:00 a.m. in Courtroom 10 of the above-entitled court, located at 501 I Street, Suite 4-200, Sacramento, California 95814, defendants Ernst & Young LLP and Ernst & Young U.S. LLP will and hereby do move for an order, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the Northern District of California.

Defendants seek an order transferring this action to Judge Jeremy Fogel in the Northern District of California. The basis of defendants' motion is that *Ho v. Ernst & Young LLP*, Case No. CV 05-04867, a substantially similar action, has been pending before Judge Fogel in the Northern District of California since 2005, and the interests of justice and convenience to the parties favor transfer.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Daria Hodapp, the Declaration of Stephanie Der, any matter upon which the Court may take judicial notice, all pleadings and papers in the Court's file, and upon such argument as may be made at the hearing on this Motion.

Dated: May 5, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
Anastasia M. Boles
Stephanie S. Der

By ______________________
Stephanie S. Der
Attorneys for Defendant Ernst & Young LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Joseph Landon filed the instant action on February 21, 2008, alleging that certain Ernst & Young employees in California are improperly classified as "exempt" from California's overtime laws. Complaint ¶ 27. He is not, however, the first to file such a claim. Since November 29, 2005, *Ho v. Ernst & Young LLP* has been pending before the Northern District of California. Declaration of Stephanie Der ("Der Decl.") ¶ 2, Exh. A. Like *Landon*, *Ho* is a putative class action regarding the exempt status of certain Ernst & Young employees in California. *Id.* In fact, the *Ho* class definition encompasses the majority of putative class members that Landon seeks to represent, including Landon himself. *Id.* Indeed, Landon even signed a declaration in support of class certification in the *Ho* action. Der Decl. ¶ 3, Exh. B. Given the almost complete overlap between the two actions, defendant requests that the *Landon* action be transferred to the Northern District, where it can be adjudicated more efficiently by a Court that has already spent more than two years considering identical facts and issues.

## II. BACKGROUND

*Ho v. Ernst & Young LLP*, Case No. CV 05-04867, was filed on September 27, 2005 in the Santa Clara County Superior Court and was removed to the Northern District of California on November 29, 2005. Der Decl. ¶ 2. The *Ho* action is brought on behalf of a putative class of individuals who work or worked for Ernst & Young in California in the job positions of Staff 1, Staff 2, Senior 1, and Senior 2. Der Decl. ¶ 2, Exh. A. Plaintiffs challenge defendant's classification of these employees as exempt from California's overtime and meal break laws. *Id.* Judge Jeremy Fogel and Magistrate Judge Howard Lloyd have decided numerous motions, including Defendant's Motion for Protective Order, Plaintiff's Motion to Amend Complaint, Defendant's Motion for Summary Judgment as to named plaintiff David Ho[1], and five

---

[1] Defendant's motion for summary judgment as to named plaintiff David Ho was granted on March 4, 2008. Der Decl. ¶ 4.

motions to compel regarding various discovery issues. Der Decl. ¶ 4. Defendant's Motion for Summary Judgment as to the remaining named plaintiff, Sarah Fernandez, is currently pending before Judge Fogel.

The instant action was filed in Placer County Superior Court on February 21, 2008 and was removed to this Court on April 25, 2008. Landon seeks to represent a class of unlicensed "salaried exempt employees doing accounting work." Complaint ¶ 20. With the exception of such employees with the job title of "Senior 3," all individuals *Landon* purports to represent are members of the putative class in the *Ho* litigation. Declaration of Daria Hodapp ("Hodapp Decl.") ¶ 2.

## III. THE COURT SHOULD TRANSFER THIS ACTION TO THE NORTHERN DISTRICT

District courts have "broad discretion" to transfer civil actions to any other district where they may have been brought. 28 U.S.C. § 1404(a); *London and Hull Maritime Ltd. v. Eagle Pacific Insurance Co.*, No. C 96-01512, 1996 U.S. Dist. LEXIS 22893 at *6 (N.D. Cal. Aug. 15, 1996). Upon a motion to transfer, the Court first must determine whether the action could have been brought in the forum to which transfer is sought. 28 U.S.C. § 1404(a); *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. C 03-3711, 2003 U.S. Dist. LEXIS 26802 at *4 (N.D. Cal. Oct. 14, 2003). If so, the court "then balances the plaintiff's interest to freely choose a litigation forum against the aggregate considerations of convenience of the defendants and witnesses and the interest of justice." *Wireless Consumers Alliance, Inc.*, 2003 U.S. Dist. LEXIS 26802 at *4; *see also Electronics for Imaging, Inc. v. Tesseron, Ltd.*, No. C 07-05534, 2008 U.S. Dist. LEXIS 10844 (N.D. Cal. Jan. 29, 2008); *Madani v. Shell Oil Co.*, No. C07-04296, 2008 U.S. Dist. LEXIS 9626 at *5-6 (N.D. Cal. Jan. 30, 2008). The purpose of transferring venue "is to prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (*quoting Continental Grain Co. v.*

*Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). All of these interests would be served by transferring this action to the Northern District of California.

**A. This Action Could Have Been Brought in the Northern District of California**

Venue is proper in any judicial district where a defendant "resides." 28 U.S.C. § 1391(a). Of Ernst & Young's nine offices in California, four are located in the Northern District. Hodapp Decl. ¶ 2. Thus, Ernst & Young is deemed to "reside" in the Northern District for purposes of venue, and this action could properly have been brought there. 28 U.S.C. § 1391(c) ("For purposes of venue. . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction"); *Nayani v. Horseshoe Entm't.*, No. 3:06-CV-01540-M, 2007 U.S. Dist. LEXIS 26430 at *22-23 (N.D. Tex. Apr. 10, 2007) ("unincorporated associations . . . are analogous to corporations for venue purposes"). Moreover, many of the putative class members in *Landon* worked in Ernst & Young's offices in the Northern District. Hodapp Decl. ¶ 2. Thus, venue is also proper under 28 U.S.C. § 1391(a)(2), which provides for venue "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).

**B. The Interests of Justice and Convenience to the Parties and Witnesses All Favor Transfer**

1. Plaintiff's Choice of Forum Is Entitled to Little Deference

Although a plaintiff's choice of forum is given significant weight in single plaintiff cases, this is not true in class actions, where the putative class members are widespread and have no particular tie to the chosen forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight"); *Wiley v. Trendwest Resorts, Inc.*, No. C 04-4321, 2005 U.S. Dist. LEXIS 38893 at *6 (N.D. Cal. Aug. 9, 2005) ("the plaintiff's choice of forum receives less deference when the plaintiff brings a purported class action."); *Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802 at *8 ("Courts have also found that a plaintiff's choice of forum should receive little

deference when he brings suit in a representative capacity"); *Hoefer v. United States Dept. of Commerce*, No. C 00 0918, 2000 U.S. Dist. LEXIS 9299 at *5 (N.D. Cal. Jun. 28, 2000) (noting in a putative class action that "the members of the purported class are numerous and are located throughout the nation" and therefore "[t]he plaintiff's choice of forum. . . is not given substantial weight when determining whether a transfer of venue is proper"). Thus, Plaintiff's decision to file his class action in Placer County is insufficient reason to support maintaining venue in this district.

2. The Interests of Justice Favor Transfer to the Northern District

In deciding a motion to transfer, "the interest of justice is the most important consideration." *Electronics for Imaging*, 2008 U.S. Dist. LEXIS 10844 at *3; *see also Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802 at *12 ("The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer"); *London and Hull Maritime Ltd.*, 1996 U.S. Dist. LEXIS 22893 at *7 ("The 'interests of justice' consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way."). Here, the interests of justice – which include consideration of judicial economy – would be served by transferring the case to the Northern District, where Judge Fogel is already presiding over a case involving the same factual and legal issues. *Baird v. Calif. Faculty Assoc.*, No. C-00-0628, 2000 U.S. Dist. LEXIS 6145 at *3 (E.D. Cal. Apr. 24, 2000) ("a major consideration in the interests of justice analysis is the desire to avoid duplicative litigation and prevent waste of time and money.").

The *Ho* and *Landon* actions are so similar that they should be consolidated in the interest of justice. First, the parties in both actions substantially overlap. Ernst & Young is the defendant in each case, and with the exception of unlicensed individuals classified as Senior 3s, the plaintiffs are also the same. *Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802 at *15-16 (holding that even though the named plaintiffs on two cases were different, the fact that they brought actions on behalf of the same classes of individuals made the parties in both cases identical). Second, the subject

matter of both of these putative class actions – the exempt status of putative class members – is also the same. Finally, both parties even seek the same remedial relief, the re-classification of staffs and seniors as non-exempt employees. *Leikin v. Squaw Valley Ski Corp.*, Nos. CIV S-93-404 and CIV S-93-1622, 1992 U.S. Dist. LEXIS 21281 at *6 (E.D. Cal. Jun. 28, 1994) (consolidating two actions arising from different situations but seeking similar relief).

Because of the overlap between these cases, the most efficient manner of adjudicating them is to consolidate them so that duplicative costs of discovery, motion practice, and trial can be avoided. *De Figueiredo v. Trans World Airlines, Inc.,* 55 F.R.D. 44, 46 (S.D.N.Y. 1971) ("where both suits arise from the same operative facts, and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate and will serve the purpose of trial convenience and economy") (internal citations omitted); *see also Perez-Funez v. INS*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) (consolidating cases where in the first action the parties had "generated hundreds of pages of pleadings and testimony" which would be pertinent to the second action because "to require the separate prosecution of these actions would result in the duplication of effort, unnecessary costs, and delays Rule 42(a) was designed to avoid."). Consolidation is also necessary to avoid the substantial risk of inconsistent judgments. *Dusky v. Bellasaire Investment*s, No. SACV07-874, 2007 U.S. Dist. LEXIS 95501 at *3 (C.D. Cal. Dec. 4, 2007) ("The real risk of inconsistent judgments arises if the parties are allowed to proceed with dispositive motions or trial in an uncoordinated manner. If parties in one case push for an expedited trial, while another pursue extensive discovery, this may lead to inconsistent results that are not justified by the largely similar facts of each case."); *Modesto Irrigation Dist. v. Gutierrez*, No. 1:06-cv-00453, 2007 U.S. Dist. LEXIS 25954 at *16 (E.D. Cal. Mar. 21, 2007) (consolidating cases where "absent consolidation, there is a real risk that the district court may issue inconsistent rulings on those claims for which there is substantial overlap.")

Because this action must be transferred to the Northern District before it can be consolidated, this Court should, in the interest of judicial efficiency, grant defendant's motion to transfer. *Royal Queentex Enters. v. Sara Lee Corp.*, No. C 99-4787, 2000 U.S. Dist. LEXIS 10139 at *22 (N.D. Cal. Mar. 1, 2000) ("Transfer is favored where it will allow consolidation with another pending action and conserve judicial resources."); *see also A.J. Industries, Inc. v. United States District Court for the Central District of California*, 503 F.2d 384, 389 (9th Cir. 1974) ("[t]he feasibility of consolidation is a significant factor in a transfer decision.") In fact, *"[t]ransferring venue, when the only reason is to consolidate cases pending before a district court, is enough to satisfy the interest of justice." Williams v. Sears Roebuck & Co.*, No. C97-3794, 1998 U.S. Dist. LEXIS 1859 at *3 (N.D. Cal. Jan. 29, 1998) (emphasis added); *see also Wiley*, 2005 U.S. Dist. LEXIS 38893 at *12 (granting a motion to transfer because defendant wanted to consolidate actions, and consolidation "would eliminate the possibility of inconsistent rulings."); *Baird*, 2000 U.S. Dist. LEXIS 6145 at *4 ("transfer will provide the transferee court the opportunity to consider consolidation as further enhancement of judicial economy."); *Williams*, 1998 U.S. Dist. LEXIS 1859 at *3 (granting motion to transfer to allow defendants to consolidate cases because "[t]he plaintiffs should also save expense by sharing the costs of trial with other parties in the consolidated cases.").

Even if *Landon* and *Ho* are not consolidated, the existence of a related case in the Northern District still weighs heavily in favor of transferring venue because of judicial efficiencies inherent in having similar cases before the same court. *A.J. Industries, Inc.*, 503 F. 2d at 389 (noting that even where cases are not consolidated, "the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties"); *Wiley*, 2005 U.S. Dist. LEXIS 38893 at *10 ("[i]n evaluating the 'interests of justice,' the pendency of related actions in the proposed transferee forum is a highly persuasive factor."); *Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802 at *13 ("All that is required is the possible consolidation of discovery or witness testimony, whereas

actual consolidation of the cases is not necessary."). As the Supreme Court explained, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960); *see also Electronics for Imaging*, 2008 U.S. Dist. LEXIS 10844 at *3-4 (transferring patent action to district where two of the patents at issue in the new complaint were being litigated in an earlier filed suit).

Judge Fogel and Magistrate Judge Lloyd have presided over *Ho* for approximately two and a half years and have decided various motions, including discovery motions and a motion for summary judgment. Declaration of Stephanie Der ("Der Decl.") ¶¶ 2, 4. Because Judge Fogel and Magistrate Lloyd are already immersed in the litigation, they can most efficiently adjudicate the *Landon* action as well. *Madani v. Shell Oil Co.*, 2008 U.S. Dist. LEXIS 9626 at *8 (granting a motion for transfer because another district judge had presided over and dismissed a similar action and was "presumably more familiar than this Court with underlying factual contentions that are common to both actions" and would therefore be "in the best position to determine substantive issues raised in the present litigation."); *see also Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802 at *16 (transferring a case in part because otherwise, "much time and effort would have been wasted in the course of rehearing and reestablishing the facts and circumstances of this case and issuing a new opinion to reiterate what [the previous judge] had already stated"). Transferring the case also will remove the risk of two courts coming to inapposite results – such as one court granting and one court denying class certification. *Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802 at *16 (transferring case in part because "the risk of conflicting rulings on the same issues is minimal.").

3. <u>The Convenience of the Parties and Witnesses Favors Transfer to the Northern District</u>

The convenience of the parties and witnesses also favors transfer to the Northern District. Ernst & Young operates four offices in the Northern District as compared to only one office in the Eastern District. Hodapp Decl. ¶ 2. Moreover, the office located in the Eastern District is one of the smaller California offices, not offering the full range of services available in the San Francisco and San Jose offices. Hodapp Decl. ¶ 3. Thus, a greater number of putative class members and witnesses will likely be located in the Northern District, making the Northern District a more convenient venue. *See, e.g. Botkin v. Safeco Ins. Co. of America, Inc.*, No. C 03-0246, 2003 U.S. Dist. LEXIS 6293 *7-9 (N.D. Cal. Apr. 14, 2003) (granting a motion to transfer from Northern District of California to Central District of California because witnesses were located in the Central District); *United States ex rel. Adrian v. Regents of the Univ. of Calif.*, No. C 99-3864, 2002 U.S. Dist. LEXIS 3321 at *12-13 (N.D. Cal. Feb. 25, 2002) (granting a motion to transfer where more witnesses resided in the transferee district than in the transferor district).

Moreover, if *Landon* is transferred and consolidated with the *Ho* action, that would further promote convenience for the parties and witnesses. For example, witnesses would only have to travel to a single trial, depositions would only need to be taken once, and evidence could be marshaled more efficiently. *De Figueiredo,* 55 F.R.D. at 46 ("where both suits arise from the same operative facts, and substantially the same witnesses will testify in both cases, consolidation . . . will serve the purpose of trial convenience and economy in administration.") (internal citations omitted); *see also Burns v. Horry County*, No. 4:04-986-25, 2006 U.S. Dist. LEXIS 822, at *2 (D.S.C. Jan. 4, 2006) (Consolidating three exemption cases because they "involve[d] party plaintiffs who worked for the same employer defendant, had similar duties, and who are expected to present the same witnesses and legal issues for resolution.")

## IV. CONCLUSION

Because plaintiff's choice of forum is entitled to little weight, this action should be transferred to the Northern District in order to serve the interests of justice and to promote convenience for the parties and witnesses.

Dated: May 5, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
Anastasia M. Boles
Stephanie S. Der

By ______________________
Stephanie S. Der
Attorneys for Defendant Ernst & YOUNG LLP

# Declaration of Daria Hodapp

# DECLARATION OF DARIA HODAPP

I, Daria Hodapp, declare as follows:

1. I am the People Leader of the Pacific Northwest Sub-area of Ernst & Young LLP ( "Ernst & Young"). I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would and could testify competently under oath thereto. I submit this Declaration in support of Defendants Ernst & Young LLP's and Ernst & Young U.S. LLP's Motion to Transfer.

2. Ernst & Young has nine office locations in California. These offices are located in Palo Alto, San Francisco, San Jose, Pleasanton, Roseville, Los Angeles, Woodland Hills, Irvine, and San Diego. Each of these locations has employees in positions titled Staff 1, Staff 2, Senior 1, Senior 2, and Senior 3 who are classified as "exempt" employees. Some of these individuals have accounting licenses while others do not.

3. The Roseville office is one of the smaller California offices and does not offer the full range of services available in the San Francisco and San Jose offices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of May, 2008, in San Jose, California.

Daria Hodapp

Daria Hodapp

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, CA 90067. On May 5, 2008, I served the foregoing document(s) described as: **DEFENDANTS ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S MOTION TO TRANSFER; DECLARATION OF DARIA HODAPP IN SUPPORT THEREOF** on the interested party(ies) below, using the following means:

Wayne S. Kreger, Esq.
William A. Baird, Esq.
Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
310.396.9635 (fax)

Steven Elster, Esq.
Law Offices of Steven Elster
785/E2 Oak Grove Road #201
Concord, CA 94518-3617
925.945.1276 (fax)

☒ BY MESSENGER SERVICE I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY OVERNIGHT DELIVERY I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. §

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 5, 2008 at Los Angeles, California.

Tracy Howe
[Print Name of Person Executing Proof]

[Signature]