1   CATHERINE A. CONWAY (SBN 98366)
    GREGORY W. KNOPP (SBN 237615)
2   ANASTASIA M. BOLES (SBN 224980)
    STEPHANIE S. DER (SBN 240576)
3   **AKIN GUMP STRAUSS HAUER & FELD LLP**
    2029 Century Park East, Suite 2400
4   Los Angeles, California 90067-3012
    Telephone:    310-229-1000
5   Facsimile:    310-229-1001
    cconway@akingump.com
6   gknopp@akingump.com
    aboles@akingump.com
7   sder@akingump.com

8   Attorneys for DEFENDANT ERNST & YOUNG
    LLP

9

10

11
                    UNITED STATES DISTRICT COURT
12
                  EASTERN DISTRICT OF CALIFORNIA
13
                      SACRAMENTO DIVISION
14

15

16  JOSEPH LANDON, individually and    Case No.  2:08-cv-00889-GEB-DAD
    on behalf of all others similarly
17  situated,                          **DECLARATION OF STEPHANIE
                                        DER IN SUPPORT OF
18              Plaintiffs,             DEFENDANTS ERNST & YOUNG
                                        LLP'S AND ERNST & YOUNG U.S.
                                        LLP'S MOTION TO TRANSFER**
19         v.
                                        *[Defendants Ernst & Young LLP's and
20  ERNST & YOUNG LLP, a limited        Ernst & Young U.S. LLP's Motion to
    liability partnership; ERNST &      Transfer; Declaration of Daria Hodapp
21  YOUNG U.S. LLP, a limited liability in Support Thereof Filed Concurrently
    partnership; and DOES 1-100,        Herewith]*
22  inclusive,
                                        Date:    June 2, 1008
23              Defendants.             Time:    9:00 AM
                                        Ctrm:    10
24

25

26

27

28

DECLARATION OF STEPHANIE DER IN SUPPORT OF DEFENDANTS ERNST & YOUNG LLP'S AND ERNST
& YOUNG U.S. LLP'S MOTION TO TRANSFER

## DECLARATION OF STEPHANIE DER

I, Stephanie Der, certify and declare as follows:

1.    I am an attorney at law duly licensed to practice in the Eastern District of California and an associate in the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys of record for defendants Ernst & Young LLP and Ernst & Young U.S. LLP in this action, and attorneys of record for Ernst & Young LLP in *Ho v. Ernst & Young LLP*, Case No. CV 05-04867.  I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would and could testify competently under oath thereto. I submit this declaration in support of defendants Ernst & Young LLP's and Ernst & Young U.S. LLP's Motion to Transfer.

2.    *Ho v. Ernst & Young LLP*, Case No. CV 05-04867 was filed on September 27, 2005 in Santa Clara County Superior Court and was removed to the Northern District of California on November 29, 2005, where it was assigned to Judge Jeremy Fogel and Magistrate Judge Howard Lloyd.  *Ho* is brought on behalf of a putative class of individuals who work or worked for Ernst & Young in the job positions of Staff 1, Staff 2, Senior 1, Senior 2 and challenges Ernst & Young's classification of these employees as exempt from California's overtime and meal break laws.  Attached hereto as **Exhibit A** is a true and correct copy of the First Amended Complaint filed in that action.

3.    Attached hereto as **Exhibit B** is a true and correct copy of a declaration signed by Plaintiff Joseph Landon on February 6, 2008 in support of class certification in *Ho v. Ernst & Young LLP.*

4.    Judge Fogel and Magistrate Judge Lloyd have decided numerous motions brought by both parties in *Ho v. Ernst & Young LLP*, including Defendant's Motion for Protective Order, Plaintiff's Motion to Amend Complaint, Defendant's Motion for Summary Judgment as to named plaintiff David Ho, and five motions to compel regarding various discovery issues.  Defendant's Motion for Summary Judgment as to named plaintiff David Ho was granted on March 4, 2008 and Defendant's Motion for

1

Summary Judgment as to Sarah Fernandez, the remaining plaintiff, is currently pending before Judge Fogel.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed on this 5th day of May, 2008, in Los Angeles, California.

Stephanie Der

2

**Exhibit A**

Mark R. Thierman, SB# 72913
Leon Greenberg, SB# 226253
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
--------------------------------X    Case No.   05-04867-JF (HRL)
DAVID HO, JOHN MAXTON, NATHAN LAY,
and SARAH FERNANDEZ on behalf of
themselves and all others similarly
situated and on behalf of the general
public and DOES #1-20,

                    Plaintiffs,
                                        PLAINTIFFS' FIRST AMENDED
                                        COMPLAINT

      -against-

ERNST & YOUNG LLP

                    Defendants.
--------------------------------X

      COMES NOW PLAINTIFFS, on behalf of themselves and all others

similarly situated and on behalf of the general public, hereby

allege:

### JURISDICTION AND VENUE

      1.   This Court has jurisdiction over the claims alleged herein

because Plaintiff seek relief pursuant to Business & Professions

Code Section 17200 for the failure to pay wages due for work

performed within the County of Santa Clara, among other locations

within the State of California.

      2.   Jurisdiction is vested in this Court pursuant to the prior

1  removal of this case from the Superior Court of the State of

2  California to this Court on November 29, 2005 by the defendant

3  pursuant to the applicable provisions of 28 U.S.C. §§ 1441-1450.

4

5                              **PARTIES**

6      3.   Plaintiff DAVID HO (one of the "named plaintiffs") resides

7  in San Jose California.

8      4.   Plaintiff DAVID MAXTON (one of the "named plaintiffs")

9  resides in Oceanside California.

10      5.   Plaintiff NATHAN LAY (one of the "named plaintiffs")

11  resides in South San Francisco California.  Plaintiff SARAH

12

13  FERNANDEZ (one of the "named plaintiffs") also resides in the State

14  of California.

15      6.   Defendant ERNST & YOUNG is a partnership and one of the

16  nation's leading and largest public accounting firms employing

17  numerous certified public accountants ("CPA's") and other personnel

18  with offices and employees in California and throughout the United

19  State

20      7.  The named plaintiffs are former employees of the defendant

21  and those similarly situated to the plaintiffs are former or current

22  employees of the defendant.

23

24          **CLASS ACTION AND REPRESENTATIVE ALLEGATIONS**

25      8.  The named plaintiffs bring this action on their own behalf,

26  and on behalf of the class of all persons similarly situated and on

27  behalf of the general public.

28      9.  The class consists of all persons employed by the Defendant

within the State of California as "Staff One" or "Staff Two" or

2

"Senior One" or "Senior Two" personnel, or similarly titled personnel who were performing the same sort of functions of the named plaintiffs, and subject to the same salaried compensation system, from four years preceding the commencement of this action through the date of judgment after trial who were not compensated for their work and overtime work as required by California law.

10.     The named plaintiffs seek to represent a class of persons who are so numerous that the joinder of each member of the class is impracticable.

11.     There is a well-defined community of interest in the questions of law and fact affecting the class the named plaintiffs represent.  The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were denied payment of wages and overtime compensation during the time in question.  These questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

12.     The named plaintiffs will fairly and adequately represent the interests of the class, because the named plaintiffs are members of the class and the claims of the named plaintiffs are typical of those in the class.

**FACTS**

13.     Plaintiffs hereby incorporate each and every allegation contained of this Complaint above and reallege said allegations as

3

though fully set forth herein.

14.   During all times relevant herein, the class members supported the business of Defendant by working under the direction of their superiors, the managers and partners of the defendant. Such work involved the class members assisting their superiors in the production of the products and services provided by the defendant's business to its customers.  The great majority of such work by the class members included, but was not limited to, secretarial, clerical, and data entry support work, including filing papers, organizing and assembling documents, taking notes of meetings, entering spreadsheet data and formatting spreadsheets, and similar tasks requiring very little or no exercise of independent judgment or discretion or any advanced professional degree or license or the prior completion of any extended course of academic or technical studies in any art or science.

15.   Defendant compensated the named plaintiffs and the class members on a "salary only" basis whereby the named plaintiffs and the class members were paid a fixed salary for all hours worked during each week.

**FIRST CAUSE OF ACTION: Overtime Wages**

(California Labor Code Section 1194)

16.   Plaintiffs hereby incorporate each and every allegation contained of this Complaint above and reallege said allegations as though fully set forth herein.

17.   At all relevant times, the named plaintiffs and the plaintiff class members were required to work in excess of eight

4

1  hours during the workday and in excess of 40 hours during the

2  workweek and/or worked more than six consecutive days in a workweek.

3      18.   During all relevant times the Wage Order No. 4 of the

4  California Industrial Welfare Commission provided that "...nonexempt

5  employees must be paid an overtime premium for all hours worked in

6  excess of eight during the workday and in excess of 40 during the

7  workweek, as well as for work performed on the seventh workday in a

8  work week...."

9

10     19.   Although the named plaintiffs and the plaintiff class

11  members worked overtime as that term was defined in the relevant

12  wage orders, Defendant failed and refused to pay the legally

13  required state overtime premiums.

14     20.   Therefore, Plaintiffs demand overtime compensation as

15  provided under California law.

16         SECOND CAUSE OF ACTION: OVERTIME AND UNPAID WAGES

17    (California Labor Business and Professions Code §§17200, et seq)

18     21.   Plaintiffs hereby incorporate each and every allegation

19  contained of this Complaint and reallege said allegations as though

20  fully set forth herein.

21

22     22.   Throughout the above-described period Defendant

23  repeatedly misrepresented to the members of the plaintiff class and

24  the general public that the plaintiffs were "professional" or other

25  sorts of employees exempt from the overtime laws of the State of

26  California, the defendant also failing to require or have the class

27  members take specified paid and/or unpaid meal and rest breaks as

28  required by California law and did not pay the class members an hour

5

of additional wages per day for such unreceived break time, as required by California law.

23.   This misrepresentation and omission by the defendant gave defendant a competitive advantage over other employers who legitimately paid their workers the proper overtime wages and other wages required by California law and who also gave the employees the meal and rest breaks required by California law or the additional wages required by California law in lieu thereof.

24.   Defendant's conduct described in this Complaint constitutes an unlawful business practice in violation of the provisions of Business and Professions Code §§17200, et seq.

25.   Therefore, Plaintiffs pray for restitution and injunctive relief for all class members for all wages due and an order pursuant to Business & Professions Code Section 17203 to cease from failing to pay overtime wages to workers employed or who render services to Defendant within California.

THIRD CAUSE OF ACTION: STATUTORY INTEREST ON UNPAID WAGES

(Labor Code Section 218.6)

26.   Plaintiffs hereby incorporate each and every allegation contained of this Complaint above and reallege said allegations as though fully set forth herein.

27.   California Labor Code Section 218.6 states: In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided

6

1  in Part 1 (commencing with Section 200) of Division 2."

2      28.    Subdivision (b) of Section 3289 of the California Civil

3  Code states: "If a contract entered into after January 1, 1986, does

4  not stipulate a legal rate of interest, the obligation shall bear

5  interest at a rate of 10 percent per annum after a breach."

6      29.    Therefore, Plaintiffs demand interest on the amount of

7  wages due weekly at the rate of 10% per annum as required by law.

8              FOURTH CAUSE OF ACTION: WAITING PENALTIES

9                  (California Labor Code Section 203)

10     30.    Plaintiffs hereby incorporate each and every allegation

11 contained of this Complaint above and reallege said allegations as

12 though fully set forth herein.

13     31.    California Labor Code Section 203 states "If an employer

14 willfully fails to pay, without abatement or reduction, in

15 accordance with Sections 201, 201.5, 202, and 205.5, any wages of an

16 employee who is discharged or who quits, the wages of the employee

17 shall continue as a penalty from the due date thereof at the same

18 rate until paid or until an action therefor is commenced; but the

19 wages shall not continue for more than 30 days."

20     32.    The named plaintiff and the majority of class members

21 terminated employment more than 30 days prior to the filing of this

22 lawsuit.

23     33.    Therefore, Plaintiffs demands waiting penalties according

24 to law.

7

FIFTH CAUSE OF ACTION: WAGES FOR WORKED BREAK TIME

(California Labor Code Section 226.7)

34.    Plaintiffs hereby incorporate each and every allegation contained of this Complaint above and reallege said allegations as though fully set forth herein.

35.    Pursuant to California Labor Code Section 226.7, and the wage orders issued pursuant to said statute, the plaintiffs and the class members were entitled to paid 10 minute breaks for every four hours of daily employment and an unpaid meal break of 30 minutes after five hours of daily employment.

36.    Although the plaintiffs and the class members regularly worked for amounts of time each day that would entitle them to the paid and unpaid rest and meal breaks provided for under California Labor Code Section 226.7 they often did not receive such daily rest and meal breaks and they did not receive one hour of additional pay on the days they did not receive such breaks.

37.    Therefore, Plaintiffs demand the payment of an additional one hour of pay for each day that they were not provided with the breaks required by California law.


NOW THEREFORE, Plaintiffs pray for relief for themselves and all class members as follows:


1.    Premium pay for overtime hours worked according to the Wage Orders of the Industrial Welfare Commission applicable at the time work was performed;

8

2.    One hour of additional wages for each day that they worked and were not provided with the breaks required by California law;

3.    Interest at the legal rate of 10% per annum, from each week payment of wages were due for each and every class member;

4.    Waiting penalties as provided for under Labor Code Section 203;

5.    Attorneys fees and costs as required by Labor Code Section 1194;

6.    Equitable and injunctive relief including restitution;

7.    Such further relief the court deems just and reasonable.


Dated this 1st day of June, 2007

Thierman Law Firm

          /s/

By:_____
   Leon Greenberg, SB# 226253
   Mark Thierman, Esq. SB# 72913
   THIERMAN LAW FIRM
   7287 Lakeside Drive
   Reno, NV 89511
   (775) 284-1500
   Attorney for Plaintiff

9

**Exhibit B**

Leon Greenberg, SB# 226253
Attorney at Law
633 South 4th Street #9
Las Vegas, NV 89101
Telephone (702) 383-6085

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
--------------------------------X    Case No.    05-04867-JF
                                                  (HRL)
DAVID HO, JOHN MAXTON, NATHAN LAY,
and SARAH FERNANDEZ on behalf of
themselves and all others similarly
situated and on behalf of the general
public and DOES #1-20,

                    Plaintiffs,


        -against-

ERNST & YOUNG LLP

                    Defendants.
--------------------------------X

DECLARATION OF JOE LANDON

    JOE LANDON, hereby affirms, under the penalty of perjury,

that:

    1.  I am a former employee of defendant Ernst & Young ("EY")

and offer this declaration in support of the plaintiffs' motion to

certify this case as a class action.  While I would greatly prefer

to see this case certified as a class action I may, if class

certification is denied, seek to bring an individual lawsuit

against the defendant.  I believe a class action lawsuit is a

better way for me to vindicate my interests because I will not be

burdened with having to bring an individual lawsuit.


    2.  I was employed by the defendant from approximately August

1

16, 2005 to May 23, 2006. During that time period I held the position of Staff I. I was assigned to the defendant's Roseville, California office in its Assurance and Advisory Business Services ("AABS") unit dealing with audit matters. I was not a licensed CPA while employed by the defendant. I earned a baccalaureate degree in Accounting and Finance and a master's degree in accounting with an emphasis on assurance services prior to coming to work for EY.

3. While employed by the defendant I was always paid a salary, i.e., a set flat amount per week for all hours that I worked each week. I often worked in excess of 40 hours per week for the defendant but received no additional pay during such weeks (I only received my regular salary).

4. The job functions that I describe in this statement, and that I performed, are the same ones that the other staff and senior employees in the EY unit (AABS audit) and office that I worked in spent the majority of their working time performing. They often performed those tasks for percentages of their working time that were comparable to the ones I experienced. I know that to be true based upon my personal observations of the sort of work such other staff and senior employees were performing. The only exception to this may have been a small number of persons in the senior 2 or 3 position, who because of their greater experience or longevity with EY were given "higher level" tasks to perform. The senior 2 or 3 employees would, to some extent, be involved with the actual substantive planning and analysis of the audit. Even

2

1   though that was so, the senior 2 employees certainly (and the

2   senior 3 employees probably) spent the majority of their time

3   doing the same sort of tasks I describe in this statement.  I came

4   into contact with approximately 40 staff or senior employees

5   during the course of my employment with EY.

6

7        5.  My work for the defendant consisted almost exclusively of

8   audit support, compliance, or assembly work.  By this I mean I was

9   only peripherally involved in making decisions about the scope of

10  an audit or how an audit should be conducted or in making any of

11  the audit conclusions.  Rather, the vast majority of my job was to

12  assist in processing the paperwork and data behind the audit.

13  This meant most of my job functions involved clerical or support

14  type work involving little or no exercise of independent judgment

15  or discretion.  Those sort of functions did not require the use of

16  any of the knowledge I obtained from receiving my undergraduate

17  and graduate degrees.  The following is an accurate approximate

18  breakdown on a percentage basis of my typical work activities (I

19  am not including time spent on employment training or education or

20  on breaks or waiting for work assignments) for the defendant:

21        i)   I spent about 30% of my working time entering data

22           into Excel spreadsheets, formatting or organizing EY client

23           data in spreadsheets in the manner that EY required and

24           documenting (verifying) that the data conformed (was being

25           processed in compliance with) the detailed written EY audit

26           plan I was working with.  This task, outside of confirming

27           that the data complied with the dictates of the audit plan

28           (for example, being sure a particular item marked for

                                      3

by any clerk or secretary without any specialized training in accounting or finance.

iv)   I spent about 5% of my working time making copies.

v)   I spent about 10% of my working time organizing, filing, and copying documents for audit binders.  This task involved organizing documents according to set and easy to understand criteria and could have been performed by any literate clerical worker.

vi)   I spent about 20% of my working time "ticking and tying" financial information.  This meant I would match or transfer information from one document to another.  This would involve finding the source (among an EY client's work papers) for a particular number and then referencing or footnoting where it came from in another form or financial statement.  This work did not involve actually analyzing the client's financial documents to calculate these figures.  The figures were already prepared and in the client's work papers.  My job was to find the figures (and sometimes add them together) and reference in another form or financial statement where I got the figures from.  This work did not require any advanced education (and did not involve anything I learned as part of my graduate and undergraduate education) but just diligence to find the particular figures in the client's work papers and reference that figure (and be sure it was the same figure for the same described item) in another set of papers and that the same figure for the same item was consistently stated.  In the publishing field this would be considered "proof reading" (making sure that the right numbers were consistently stated)

5

and "fact checking" (checking to be sure that the proper source of all numbers was correctly cited).

vii) I spent about 10% of my working time performing SOX 404 compliance and control testing tasks. I would read the prior year narrative of how the client handled particular financial transactions and find out if there were any changes from those previously documented procedures (I would inquire about this with the designated client contact person). If there were changes I would write up what those changes were and advise my superiors about them (I did not decide what advice, if any, should be given to the client about any such changes). I also performed "walkthroughs" to verify that the client's claimed transaction procedures were, in fact, being used; taking samples of client transactions to use to verify the client transaction handling procedures; and reviewing transactions to confirm that the client had actually performed the various steps (had gotten approval by the required personnel) for those transactions, as per the client's stated internal procedures (this is called control test work).

viii) I spent about 5% of my working time performing other miscellaneous tasks, including such logistic type functions as getting meals for audit team members or replenishing the audit team with audit materials.

6. As I have explained in this statement, my work for EY did not involve any significant level of intellectual application. Nor did it require any advanced training or education. Most of my work involved the performance of secretarial or clerical or support type tasks (including typing, proofreading, data entry,

6

copying and filing documents, and so forth). Because my job
required that I deal with financial information (such as inputting
EY client transactions into a spreadsheet) attention to detail was
important. I was also expected to report to my superiors any
irregularities that I came across in my work, but I had no
authority to resolve those irregularities or determine whether
they were, in accounting terms, "material." Any diligent
attentive person with basic arithmetic, bookkeeping, English
language, and typing skills, and the ability to use common, non-
complex, computer software programs, such as Excel or word
processing software, could have successfully performed my job.

  7.  I have read the foregoing statement and affirm that it is
true and correct.


_____          _____
JOE LANDON                                        Date
                                                  2/6/08

1

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

2

3    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los
Angeles, CA 90067.  On May 5, 2008, I served the foregoing document(s) described as:

4    **DECLARATION OF STEPHANIE DER IN SUPPORT OF DEFENDANTS
ERNST & YOUNG LLP'S AND ERNST & YOUNG U.S. LLP'S MOTION TO**

5    **TRANSFER** on the interested party(ies) below, using the following means:

6    Wayne S. Kreger, Esq.                         Steven Elster, Esq.

7    William A. Baird, Esq.                         Law Offices of Steven Elster
     Milstein, Adelman & Kreger, LLP               785/E2 Oak Grove Road #201

8    2800 Donald Douglas Loop North                Concord, CA 94518-3617
     Santa Monica, CA 90405                        925.945.1276 (fax)

9    310.396.9635 (fax)

10   ☒ BY MESSENGER SERVICE   I served the documents by placing them in an envelope or package addressed
     to the respective address(es) of the party(ies) stated above and providing them to a professional

11   messenger service for service.

12   ☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an
     overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I

13   placed the envelope or package for collection and overnight delivery at an office or a regularly utilized
     drop box of the overnight delivery carrier.

14

15   ☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties
     to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the

16   respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable
     time after the transmission, any electronic message or other indication that the transmission was

17   unsuccessful.

18   I declare that I am employed in the office of a member of the bar of this court at whose
     direction the service was made.

19   Executed on May 5, 2008 at Los Angeles, California.

20

21

22   Tracy Howe
     [Print Name of Person Executing Proof]            [Signature]

23

24

25

26

27

28