\*\* E-filed December 2, 2009 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH LANDON, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br>    v.<br><br>ERNST & YOUNG LLP, a limited liability partnership; ERNST & YOUNG U.S. LLP, a limited liability partnership; and DOES 1–100, inclusive;<br><br>        Defendants.<br>_____ / | No. C08-02853 JF (HRL)<br><br>[Consolidated for Class Certification purposes with Case Nos. 05-04867 and 08-04988]<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL**<br><br>**[Re: Docket Nos. 50, 53]** |

Plaintiff Joseph Landon sued defendants on behalf of himself and a putative class of Ernst & Young LLP ("E&Y") employees for allegedly refusing to pay overtime in violation of California labor laws. Landon's case was consolidated in March 2009 with two others for class certification purposes. Landon now moves to compel E&Y to provide further responses to interrogatories and requests for production that he propounded in January 2009, but to which E&Y did not respond until July 2009. E&Y opposes the motion. Pursuant to Civil Local Rule 7-1(b), the court finds the matter suitable for determination without oral argument, and the December 8, 2009 hearing is vacated.

**DISCUSSION**

As an initial matter, E&Y argues that Landon failed to properly meet and confer because he sent only one letter after E&Y's production that did not address many of the specific concerns that he now raises in his motion. Plaintiff counters that in addition to the post-response letter, the parties

communicated about this discovery on several occasions even before E&Y responded, because E&Y claimed that it did not have to respond to his requests at all. It is clear from the parties' motion papers that further meet and confer efforts would have done little to resolve their seemingly intractable positions concerning the primary issues of waiver and duplicative discovery. Therefore, Landon's meet and confer efforts were sufficient under the circumstances.

**A.      Waiver**

Landon propounded the discovery at issue on January 15, 2009. Pursuant to the Federal Rules of Civil Procedure, E&Y's responses were due February 17. However, it did not respond until July 20. E&Y's responses contained various objections, including those asserting that Landon's requests were duplicative to those already propounded in the consolidated action in violation of Judge Fogel's consolidation order. Yet Landon argues that because E&Y did not respond until well after the February deadline, it waived these objections.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). This failure may be excused if the responding party shows good cause. *Davis*, 650 F.2d at 1160. In determining whether a party has good cause, the court will consider factors such as the length of the delay, the reason for the delay, bad faith, prejudice to the propounding party, the appropriateness of the requests, and whether waiver would result in an "excessively harsh result." *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005). Because E&Y did not serve its responses until five months after they were due, it waived its objections unless it can show good cause for its delay.

E&Y says that its five-month delay is because it believed that Judge Fogel stayed discovery in the case during a Case Management Conference ("CMC") on January 16, 2009. In the parties' joint CMC statement, filed on September 15, 2008, E&Y requested such a stay "pending resolution of Ernst & Young's summary judgment motion in the *Ho*[1] action." (Blanchard Decl. Ex. B, at 2:24–26.) It further proposed that "within thirty (30) days of resolution of [the *Ho* summary judgment]

---

[1] *Ho* is one of the two cases with which the instant case is consolidated for class certification purposes. *See Ho v. Ernst & Young, LLP*, No. 05-04867 (N.D. Cal. filed Nov. 29, 2005); *see also Richards v. Ernst & Young, LLP*, No. 08-04988 (N.D. Cal. filed Oct. 31, 2008).

2

motion," the parties would submit a revised statement either addressing "whether consolidation of the cases solely for class certification purposes is proper" or suggesting a schedule for discovery and class certification. (*Id.* at 3:4–9.) Landon opposed a stay "absent knowledge of the basis for the [*Ho* motion]," which was filed under seal. (*Id.* at 3:14–15.) The CMC was continued several times and ultimately took place on January 16, 2009. However, the day before the CMC, Judge Fogel denied the *Ho* motion for summary judgment, *Ho v. Ernst & Young*, No. 05-04867, 2009 WL 111729 (N.D. Cal. Jan. 15, 2009), and Landon propounded the discovery at issue that same day.

E&Y's counsel avers that it was her understanding after the CMC that because "the summary judgment motion was no longer pending in the related action and that the Court set a further case management conference for consideration of whether the related cases should be consolidated, the Court had stayed this action *consistent with the request made by [E&Y]*." (Conway Decl. ¶ 5 (emphasis added).) E&Y asserts that the joint CMC statement provides further evidence in support of its belief as "Landon had only opposed a stay because he needed to learn more about the summary judgment motion, which was no longer an issue." (Opp'n 3.)

However, E&Y's reason for its delay is not reasonable under the circumstances. First, it presents no evidence that Judge Fogel did, in fact, stay discovery at the January CMC. A review of the minute order from that CMC makes no mention of a stay. (Docket No. 30.) Landon's counsel also avers that Judge Fogel did not grant a stay during this CMC. (Elster Decl. ¶ 2.) Second, E&Y's belief is *inconsistent* with the plain language of its own request for a stay. Indeed, nowhere in the joint CMC statement did E&Y request a stay until after consolidation. Instead, it only asked for a stay until a decision on the *Ho* motion—a request that became moot the day before the January CMC.

A consideration of the remaining good-cause factors does not tip the balance in E&Y's favor. Landon asserts that he has been prejudiced by the five-month delay because his requests are not duplicative of those propounded in *Ho*. Furthermore, E&Y does not allege that Landon's requests are improper in general—rather, it argues that he is not entitled to receive such discovery directly from E&Y on account of the consolidation order. Even in the absence of bad faith, under these circumstances, E&Y has failed to show good cause for its delay.

3

1   Accordingly, E&Y has waived its objections that the discovery requests at issue in Landon's
2   motions are impermissibly duplicative. It has also waived its other objections as to the discovery
3   requests at issue, but, to avoid a "harsh result," it has not waived its objections concerning attorney-
4   client privilege and work-product doctrine. It is apparent that E&Y's refusal to respond to Landon's
5   requests is not premised on an assertion of privilege or work product, but rather on its belief that no
6   production was required at all—even if nonprivileged and non-work product. Although E&Y's
7   belief is not sufficient to support a finding of good cause for its delay, it is sufficient to avoid a
8   waiver of its right to withhold discovery to the extent that such production would require disclosure
9   of privileged material.

## B.   Interrogatories

Even if E&Y had not waived the bulk of its objections, its responses to the interrogatories in question would still be improper. The Federal Rules require that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "It is well established that an answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories." *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (internal citations omitted). An exception may apply where such references do not "make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." *Id.*

E&Y's responses to Landon's interrogatories include references to production it made in the *Ho* action, including depositions, responses to interrogatories, and documents. E&Y argues that these references are acceptable because they "do not obscure the answer." (Opp'n 7.) Yet to determine whether E&Y's responses are complete by reference, plaintiff (and the court) would have to scour the deposition transcripts and painstakingly compare the requests and responses in *Ho* with Landon's own requests. E&Y has thus failed to provide complete answers to Landon's interrogatories. Consequently, plaintiff's motion to compel further responses to interrogatories 1, 4, 7–14, 16–17, and 21–22 is GRANTED. E&Y shall provide updated responses within ten days of this order.

4

**C.     Requests for Production**

E&Y's waiver also extends to Landon's requests for production ("RFPs").  However, it would be inefficient, given the consolidation order, to require E&Y to reproduce responsive documents that it has already provided to interim lead counsel.  Accordingly, Landon's motion to compel further responses for RFPs 15, 23–25, and 28–29 is GRANTED with the following limitations: E&Y shall provide the Bates numbers of responsive documents that it has already provided to interim lead counsel, but it shall also produce any responsive documents that it has not yet produced, along with an appropriate privilege log, as necessary.  E&Y shall provide updated responses within ten days of this order.

**IT IS SO ORDERED.**

Dated: December 2, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 08-02853 Notice will be electronically mailed to:**

| | |
|---|---|
| Anastasia Melinda Boles | aboles@akingump.com, westdocketing@akingump.com |
| Catherine A. Conway | cconway@akingump.com, thowe@akingump.com, westdocketing@akingump.com |
| Christopher Blanchard | cblanchard@akingump.com, jfukai@akingump.com |
| Daria Dub Carlson | dcarlson@mzclaw.com |
| Gregory William Knopp | gknopp@akingump.com, dkucko@akingump.com, ltolbert@akingump.com, westdocketing@akingump.com |
| Jeffrey Karl Compton | jcompton@mzclaw.com |
| Steven Stone Elster | manfromcal@sbcglobal.net |
| William Anthony Baird | tbaird@mzclaw.com, anicolai@mzclaw.com, dcarlson@mzclaw.com, fmcnally@mzclaw.com, jcompton@mzclaw.com, sjison@mzclaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

*United States District Court*
For the Northern District of California