**E-FILED on**   1/11/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH LANDON, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>ERNST & YOUNG LLP, a limited liability partnership; ERNST & YOUNG U.S. LLP, a limited liability partnership; and DOES 1-100 inclusive,<br><br>        Defendants. | No. C-08-02853 RMW<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR CLASS CERTIFICATION<br><br>**[Re Docket No. 86]** |

      Plaintiff Joseph Landon ("Landon") moves for leave to file a motion for class certification. Defendant opposes the motion. Having considered the papers submitted by the parties, and for the reasons set forth below, the court denies the motion.

## I. BACKGROUND

      This case is one of three actions brought against defendant Ernst & Young LLP ("Ernst & Young") that were consolidated for purposes of class certification. The other two cases are *Ho v. Ernst & Young LLP*, No. C-05-04867, and *Richards v. Ernst & Young LLP*, No. 08-04988. The plaintiffs in each action allege violations of California's overtime laws and seek to assert claims on

behalf of a class of similarly situated individuals who were employed in Ernst & Young's Tax group or Assurance group.

The parties in *Ho* and *Richards* agreed that the three cases should be consolidated for the purposes of a motion for class certification. They submitted the following proposal to the court:

> Pursuant to Federal Rule of Civil Procedure 42(a)(1), the *Fernandez*, *Landon*, and *Richards* actions shall be consolidated for the purposes of a motion for class certification. The docket in *Fernandez* shall constitute the Master Docket and the file in *Fernandez* shall constitute a Master File for every consolidated action until the Court has made a ruling on any motion for class certification. A single motion for class certification will be brought on behalf of all of the putative classes and/or subclasses that each individual plaintiff seeks to represent. This Court's ruling on that single motion for class certification will be binding on all the putative classes and/or subclasses that each individual plaintiff seeks to represent.

*See* Dkt. No. 33 at 3. Landon filed a response to this proposal, stating he "is not opposed to consolidation provided that an appropriate leadership structure is put into place." *Id*. While not addressing the specific details of the parties' proposal, the court consolidated the three cases "for class certification purposes only" on March 13, 2009. Dkt. No. 34.

Thereafter, counsel for Landon stipulated that plaintiffs counsel in *Ho* and *Richards* would be interim lead counsel for the consolidated cases. Dkt. No. 43. The stipulation, adopted by the court, provided that interim lead counsel "shall have the ultimate authority over all pre-certification aspects of the consolidated actions." *Id.* at 2. However, interim lead counsel was also required to "permit [Landon's counsel] to participate substantially and significantly in all matters regarding the consolidated actions," including by recommending motions and discovery. *Id.* at 3.

The court set a deadline for plaintiffs to file the class certification motion, which was ultimately continued to August 20, 2010. *Ho*, Dkt. No. 229. Interim lead counsel moved to certify a class with Sarah Fernandez and Michelle Richards as class representatives and did not include Landon as a proposed representative. Interim lead counsel sent a draft of the motion to Landon's counsel, who provided extensive comments but did not indicate that he wanted to include Landon as a potential class representative. Dkt. No. 87 (Declaration of H. Tim Hoffman) ¶ 3.

On September 20, 2011, the court granted in part and denied in part the motion for class certification. Dkt. No. 297. The court found that Fernandez failed to meet the typicality requirement because Ernst & Young had defenses unique to her. The court further found that

ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR CLASS CERTIFICATION—No. C-08-02853 RMW LJP
2

neither proposed representative was typical of persons who worked in entirely different positions. The court certified a narrowed class of "staff" and "senior" employees in the Tax group, with Richards as the sole representative.

## II.  ANALYSIS

Landon now moves for leave to file a class certification motion on behalf of employees in the Assurance group, whom Fernandez had sought to represent.  Landon argues that, unlike Fernandez, his claims are typical of the class.  Landon further argues that he did not previously have an opportunity to seek certification and thus should now be permitted to file a short motion focused on the typicality and adequacy requirements of Rule 23.  Defendant argues that Landon is barred from filing a new class certification motion based on his agreement and the court's orders.

While defendant overstates what Landon and his counsel agreed to, Landon did agree to the interim lead counsel structure and was bound by the court's orders.  If nothing else, Landon missed the court's deadline for filing a motion for class certification; thus he must show good cause to modify the schedule and permit his filing.  *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).  Landon fails to meet that standard.  There is no evidence that Landon timely attempted to be included as a potential class representative.  Although not lead counsel, Landon's counsel nonetheless had the right to participate and provide input in the class certification process, and it appears that he did so.  At the same time, Landon never indicated to lead counsel, defendant, or the court that he wished to be included in the class certification motion.

Landon now argues that he did not have the authority to have himself included in the class certification motion, nor did he have the ability to file a separate motion.  Those facts have not changed.  But the time to act was when the original motion was filed, not now, more than a year later.  Landon did not diligently seek relief from the court for his supposed exclusion from the class certification motion.  Instead, he sat back and awaited the court's decision on Fernandez and Richards.  Now, having seen Fernandez's efforts fail, Landon seeks to step in and try again.  This "wait and see" approach was improper in light of the court's scheduling orders and the interim leadership structure.  Thus, there is no basis to now allow a second class certification motion.

ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR CLASS CERTIFICATION—No. C-08-02853 RMW LJP
3

### III. ORDER

For the foregoing reasons, the court denies Landon's motion for leave to file a motion for class certification.

DATED: January 11, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge